[L. A. Nos. 968, 1022.   Department Two.—November 21, 1902.]

JOHN E. DALY, Administrator, etc., et al., Respondents,
v. J. T. RUDDELL, Appellant.

WATER RIGHTS—JOINT CONTRACT—COMMON INJURY—JOINDER OF PLAINTIFFS—DEMURRER.—In an action by the owners of district water rights, regulated by a contract jointly executed between all of the parties to the action, where the complaint set forth the contract, and showed a common injury by the defendant to their respective rights, and sought redress by way of recognition and enforcement of their contract rights against the defendant, a demurrer for misjoinder of parties plaintiff was properly overruled.

ID.—COMPLETION OF CONTRACT—FORFEITURE—WAIVER.—Where one of the plaintiffs agreed to furnish and lay certain pipe for the conduct

of water developed and to be developed, of which the defendant and the other plaintiffs were the owners, and of which such plaintiff was to receive a certain proportion for completion of the pipe therefor, and such plaintiff, after furnishing a large portion of pipe suitable for the purpose, borrowed from the other plaintiffs and the defendants a smaller and inadequate pipe belonging to them, which was used for three years, with the knowledge and consent of all parties, the defendant could not claim that the rights of the plaintiff were forfeited for non-completion of the contract and remove the pipe without notice, to the common injury of all of the plaintiffs. The circumstances show a waiver of the right of the defendant to insist that time was of the essence of the contract.

ID.—NOTICE REQUIRED—REASONABLE TIME FOR COMPLETION.—Under the circumstances, it was incumbent upon the defendant, before the contract was terminated, to give notice to the other contracting party, and to allow a reasonable time within which to do any act required to complete the contract, before it could be considered as violated or rescinded.

ID.—CONSTRUCTION OF CONTRACT—"DRY SEASON OF YEAR"—JUDGMENT FOLLOWING CONTRACT.—A contract apportioning the water between the parties "during the dry season of the year" is not uncertain, but means that season, regardless of the time of the year, when irrigation is necessary for the preservation and cultivation of crops; and a judgment following the language of the contract is not reversible for uncertainty.

ID.—AMBIGUOUS CONTRACT—PAROL EVIDENCE—CIRCUMSTANCES.—Where the contract was ambiguous as to the extent of the duty required of the party laying the pipe, the court properly had recourse, through the testimony of the parties, to the circumstances surrounding the making of it, in order to determine the question.

ID.—AMENDMENT OF COMPLAINT—CONFORMITY TO PROOF—ABSENCE OF SERVICE—WAIVER.—Where the court, during the progress of the trial, permitted the plaintiffs to amend their complaint to conform to the proofs, the omission of the plaintiffs to serve the amendment is not ground of new trial, where it does not appear that prejudice or injury resulted to the defendant, and it does appear that he was present in court when the order was made, and the trial proceeded without objection or request for continuance on his part.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

Long & Baker, and George M. Holton, for Appellant.

John E. Daly, for Respondents.

HENSHAW, J.—These are separate appeals, the one from the judgment, the other from the order denying defendant's motion for a new trial. They may, however, be considered together.

Ruddell and the plaintiffs Truesdell were owners of certain water rights. They entered into a contract with Smith, since deceased, whose estate is represented by Daly, administrator and plaintiff, whereby Smith was to furnish and lay certain pipe for the conduct of the water developed and to be developed, in return for which he was to receive a certain proportion of the water thus conveyed during the "dry season of the year." Smith, the court finds upon supporting evidence, furnished 12,100 feet of pipe suitable for the purpose, and then borrowed and used below this point about one hundred and fifty yards of a smaller and inadequate pipe. This pipe was the property of Ruddell and the Truesdells, and through this pipe Smith obtained his water for nearly three years, until Ruddell, wishing to use the pipe to carry water in the cañon from a spring to the main point of diversion, and asserting that Smith had violated his contract in not furnishing suitable pipe, and that his rights under the contract were at an end, tore up the pipe, and then used it for the indicated purpose. Smith, by his agents, went upon the land to supply suitable pipe which was lacking, and to put the pipe-line in good order, but was forbidden to do so, and prevented from so doing, by Ruddell. Later, Ruddell also tore up that portion of the pipe conveying water to the Truesdells, and the Truesdells thereafter failed to obtain their supply. The Truesdells and Smith then joined as plaintiffs in this action, setting forth the contract and the violation of it by Ruddell. They sought specific relief under the contract, asked that Ruddell be compelled to make conveyance to them of their respective rights to the water, and be enjoined from further interference with those rights. The complaint was demurred to for misjoinder of parties plaintiff, and it is urged in support of the demurrer that plaintiffs had no common interest in the subject matter of the action or in the relief demanded. (Code Civ. Proc., sec. 378.) It is said that the causes of action of the plaintiffs are separate and distinct, having their origin not in a common tort against all the parties, nor in the violation of the contract affecting

all the parties, but in separate tortious acts. We think, however, that the demurrer was properly overruled. The subject matter of the action is the water rights of the parties under their joint contract. The redress which they seek is by way of recognition and enforcement of those contractual rights. As in *Churchill* v. *Lauer,* 84 Cal. 238, where many plaintiffs, owners of separate tracts of land, jointly sued several defendants for alleged interference with their water rights appurtenant to their lands, this court said: "The rights of the general complainants in their respective lands are indeed distinct, but the grievance in question is a common injury to all the complainants. The water, in its natural descent from the lake, becomes the property of each of the complainants successively; all the complainants thus have right in the same subject, and the nature of the case forms a community of interests in the complainants." And, as was further said in *People* v. *Morrill,* 26 Cal. 352: "The parties are all interested in the principal question raised by the complaint, the issues tendered are simple and foreshadow no embarrassment to a convenient and orderly trial, and by the joinder objected to a multiplicity of suits has been avoided." And, moreover, no substantial rights of the defendant have been invaded by this joinder. When no impairment of substantial rights is shown, even a judgment rendered after trial upon the merits should not be reversed because the court overruled a demurrer for such misjoinder. (*Asevedo* v. *Orr,* 100 Cal. 294; *Hirshfeld* v. *Weill,* 121 Cal. 15; *Shade* v. *Sisson M. & L. Co.,* 115 Cal. 371.) It is urged that the findings do not sustain the decree, because it is insisted that under the findings it is shown that Smith had forfeited all his rights by his failure to complete his contract; but the findings are, that, except for the lower one hundred and fifty yards of pipe, the rest, consisting of some twelve thousand feet, was adequate and sufficient under the provisions of the contract. The one hundred and fifty yards of pipe was borrowed from the Truesdells and Ruddell, and used with their knowledge and consent. It was being so used when the defendant Ruddell, without any demand for the return of the pipe, or for the substitution of a larger pipe, tore it up and carried it away. The circumstances disclose a waiver of Ruddell's right to insist that time was of the essence of the contract, and this

being the case, it was incumbent upon him before terminating
the contract to give notice to the other party, and allow a
reasonable time within which to do any act required before
the contract can be considered as violated or rescinded.
(*Alexander* v. *Jackson*, 92 Cal. 522;[1] *Miller* v. *Cox*, 96 Cal.
339; *Beverly* v. *Blackwood*, 102 Cal. 84.)   And certainly it
does not lie in the mouth of the appellant to say that Smith
should be deprived of all rights under the contract when,
after the removal of the pipe without notice, his offered
attempt to replace it was refused and forbidden.   Nor is
appellant's last attack upon the judgment, that it should be
reversed for uncertainty, any more tenable.   The judgment
follows the language of the contract, and apportions the water
between the different parties "during the dry season of the
year."   It is said that this term is undefined, is vague and
ambiguous, if not meaningless, and lacks the certainty which
alone will support a judicial decree.   We think, however, that
there is no more difficulty in understanding the phrase as
used in the decree than there is in understanding it as used in
the contract.   The dry season of the year means that season
regardless of the time of the year, when resort to irrigation
is necessary for the preservation and cultivation of the crops.

This disposes of the points presented upon the appeal from
the judgment.   Upon the appeal from the order denying a
new trial many findings are attacked as being unsupported
by the evidence.   An examination, however, discloses that the
evidence was conflicting, and was amply sufficient to sustain
the views of the court.   It is insisted that the finding of the
court that Smith had performed his contract, save in the
matter of the one hundred and fifty yards of pipe, is not
supported, because the contract contemplated and called
for the laying of pipe by Smith, not only from the point of
diversion of the water, but for laying it from the various
supplies, consisting of small springs in the hills, down to the
main point of diversion.   The contract itself throws no clear
light upon the matter, providing as follows:   "Whereas, it is
represented by John and Thornton Truesdell and J. T. Rud-
dell that they have secured and own system water right in
the Little Dalton Cañon, on section supposed to be section
nine, . . . producing at least three inches of water in the dry

---

[1] 27 Am. St. Rep. 158.

season of 1894 and 1895, with other springs to be developed to the amount of eight inches, more or less. Now it is hereby agreed, . . . to wit: The first party, R. W. Smith, agrees to furnish pipe of sufficient dimensions to bring said water down to the residence of the said Ruddell and Truesdell, for a consideration of one third of all the water that can be produced from said springs during the dry season of the year.'' The contract being uncertain in this regard, the court very justly had recourse, through the testimony of the parties, to the circumstances surrounding the making of it, and from these was warranted in concluding that it was not a part of Smith's contract to lay the pipe necessary for developing the waters of the springs and carrying such waters down to the main point of diversion. The court permitted the plaintiffs to amend in conformity with the proofs. Complaint is made that the amendments were not served upon defendant as required by section 432 of the Code of Civil Procedure, but, notwithstanding this omission, it does not appear that prejudice or injury resulted to defendant. He was present in court at the time the order was made, and the trial proceeded without objection. No continuance was asked for. Under these circumstances no new trial should be ordered. (*Stark* v. *Wellman,* 96 Cal. 400.)

The judgment and order appealed from are therefore affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.