[Civ. No. 737.   Third Appellate District.—August 4, 1910.]

## MRS. BIANCHI FURTINATA, Respondent, v. F. E. BUTTERFIELD and MRS. F. E. BUTTERFIELD, Appellants.

SPECIFIC PERFORMANCE — SUBSTANTIAL PERFORMANCE BY PLAINTIFF — COMPENSATION FOR PARTIAL FAILURE.—Specific performance of a contract for the sale of land may be enforced under sections 3386 and 3392 of the Civil Code, where it is established that the plaintiff has substantially complied with the terms of the written contract, and that full compensation for partial failure of such compliance has been awarded by the court to the defendants.

ID.—REVIEW UPON APPEAL — ABSENCE OF EVIDENCE — PRESUMPTION — SUPPORT OF JUDGMENT.—Where the defendants have appealed from the decree upon the judgment-roll, and no evidence is returned, it must be presumed that the evidence justified the findings, and unless the findings fail to support the judgment, it must stand.

ID.—CONTRACT TO PLANT VINEYARD—WORK BY DEFENDANTS UNDER CONTRACT—SHORTAGE—EQUITABLE ADJUSTMENT OF DAMAGE.— Where the court found that after a partial failure of plaintiff to complete the contract, the defendants, under the terms of the contract, assumed to complete it, but left a small shortage, the extent of which was not shown, but the court not only awarded to the defendants compensation for the work done by them, but also awarded full compensation for any partial noncompliance by plaintiff with the contract, this was an equitable and fair adjustment of the matter in controversy, and within the spirit and terms of the code rules.

ID.—MOTION TO RETAX COSTS—SERVICE—NOTICE OF HEARING.—A filed motion to retax costs need not be served; but notice of the hearing of the motion must be given for five days, unless the court by order shortens the time. The court had jurisdiction to entertain the motion where defendants had due notice of the hearing and failed to attend; and they cannot complain upon appeal that the court made an order retaxing the costs upon their failure to appear at the time appointed.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order retaxing costs. E. W. Norton, Judge.

The facts are stated in the opinion of the court.

C. W. Miller, for Appellants.

Webster & Webster, for Respondent.

CHIPMAN, P. J.—Action for specific performance of a contract for the sale of land. Plaintiff had judgment, from which and from the order retaxing the costs, defendants appeal.

It appears from the amended complaint that, on November 14, 1905, defendants entered into a written contract with plaintiff (wife of P. Bianchi; the action concerns her separate property), by which she was let into possession of certain thirty-three and one-third acres of land belonging to defendants, situated in section 4, T. 2 S., R. 8 E., in San Joaquin

county, plaintiff agreeing to plant the same to Tokay and Zinfandel grapes, in the proportion advised by defendants; prior to February 1, 1906, "to prepare said land for the cultivation of grapes only and is to grant, cultivate, prune, hoe and weed, and is to pay all expenses incurred thereto." It was further agreed that should plaintiff "fail to perform any part of his [her] duty at the usual and customary time," defendants, "at their own option, perform said duties necessary for the cultivation of grapes, and hold a lien on the property hereinafter described as property belonging to" plaintiff, "at the following wages: One man per day, $2.00; one man and two horses with any kind of tool, $3.50; one man and four horses with plow, $5.00 per day"; plaintiff guaranteed "95 per cent of living vines at the expiration of three years." It was next provided that if plaintiff performed all her duties as agreed, "and then, for some unforeseen reason, fails to get a stand of 95 per cent of living vines, he [she] is to have an extension of time of one year, but no time to exceed four years from this date"; all crops were to belong to defendants, "and upon the fulfillment of the above agreement, it is understood that" defendants "will give a good and sufficient deed to a certain piece of land described as follows": (A tract of twenty acres in the said section, of which plaintiff was given the possession under the contract.) Plaintiff avers performance on her part and willingness to perform all her said covenants; avers that for good and sufficient reasons, she has been unable, through no fault of hers, to get a stand of ninety-five per cent of living vines, as provided in said contract, up to and inclusive of January 4, 1909, on which date defendants, without right and against plaintiff's consent, in disregard of her rights, entered upon said premises and kept her out of possession, to her damage in the sum of $1,000; avers that before the commencement of the action she demanded of defendants a good and sufficient deed to said twenty acre tract, and to give plaintiff full and peaceable possession thereof, but defendants refused and still refuse so to do.

Defendants admitted the execution of said agreement, but denied that plaintiff had carried out its covenants on her part to be performed, and denied most of the other material averments of the complaint; avers that during the term of said

agreement defendants were compelled to do certain work in the caring for said vines, because of plaintiff's failure in that regard.

As a separate defense, defendants aver that, in January, 1909, a dispute arose between plaintiff and defendants, ''as to whether or not plaintiff was entitled, as she claimed to be, to an extension of one year, under said contract, from the fourteenth day of November, 1908, within which to complete and perform said contract, and that defendants at that time claimed that plaintiff was not entitled to the extension claimed by her, and they accordingly refused to grant plaintiff an extension of one year for the performance of said contract, and so informed the plaintiff herein; but that thereafter, these defendants, reconsidering said matter, and on the first day of February, 1909, and while there was ample time remaining for the plaintiff herein to perform said contract, . . . offered in good faith to allow plaintiff herein to continue in possession of the premises described in said agreement, and requested her, both orally and in writing, to perform all the terms of said agreement, and to allow her until November 14, 1909, within which to complete and fully perform the said agreement,'' but plaintiff neglected and refused, etc.

By way of cross-complaint, defendants set forth many of the foregoing facts as to plaintiff's failure to perform her covenants of said contract, and that defendants found it necessary to furnish vines and do the work of replanting and cultivating where vines were missing, which defendants did at their own expense in the year 1909, and for which they claim damages, as provided in said contract, for the labor thus bestowed and also for the cost of the vines and also special damages. Plaintiff, in her answer, denied most of the averments of the cross-complaint, and, upon the issues thus framed, the cause was tried by the court, without a jury, and findings made. The amended complaint was filed in March, 1909, and the findings were made in June, 1909. These findings are adverse to plaintiff upon almost every issue, and the court found that upon the expiration of three years from the date of the contract there was not ninety-five per cent of living grape-vines upon said tract, ''and there is not now, after proper replanting, care and cultivation, in 1909, a ninety-five per cent stand of living grape-vines on said land, and that the failure of

plaintiff to perform said contract in the particulars found, was mainly caused by her own neglect and lack of ordinary care.'' As to the dispute between the parties which arose in January, 1909, the court found that defendants refused to grant plaintiff an extension of one year, and so informed her, but that thereafter, on February 1, 1909, and while there was still time sufficient to do the necessary replanting and cultivation, defendants offered in good faith to grant such extension, and requested her to perform all the terms of said agreement and to allow her until November 14, 1909, in which to complete her said agreement, but she refused. The court next finds that by reason of plaintiff's said neglect, defendants furnished 3,817 vines, replanted the missing parts of the vineyard, furnished labor, tools, horses, etc., and did all the necessary work in caring for said vineyard, at a cost of $246.02, and also found that defendants had been damaged, through plaintiff's said negligence, in the sum of $250. As conclusions of law the court found, that ''plaintiff has substantially complied with said written contract''; that defendants are entitled to the sum of $250 damage for plaintiff's failure to comply with said contract, and also to the further sum of $246.02 expended by defendants ''in caring for said vineyard, and are also entitled to judgment for their costs herein''; and that upon payment of said sums to defendants, plaintiff ''is entitled to a good and sufficient deed from said defendants to the twenty acres of land described in said contract, free from encumbrances, said payment to be made by the fifteenth day of September, 1909.'' Judgment passed accordingly.

It would seem somewhat paradoxical for defendants to have findings largely in their favor and plaintiff to have the judgment in her favor, and this is about what defendants claim appears from the record. The evidence is not before us, the appeal being on the judgment-roll. There are certain provisions of the Civil Code which appellants seem to have overlooked in their contention for the application of the rule as to mutuality of remedies where specific performance is sought. It does not follow that because the personal services agreed to be performed by plaintiff could not be specifically enforced, the agreement of defendants could not. Nor does it follow that because plaintiff failed to completely perform

her part of the contract, she could not compel specific performance of defendants' covenants.

Section 3386 provides as follows: "Neither party to an obligation can be compelled specifically to perform it, unless the other party thereto has performed, or is compellable specifically to perform, everything to which the former is entitled under the same obligation, either completely or nearly so, together with full compensation for any want of entire performance." Section 3392 reads: "Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party, except where his failure to perform is partial, and either entirely immaterial, or capable of being fully compensated, in which case specific performance may be compelled, upon full compensation being made for the default."

We must presume that the evidence justified the findings, and, unless the findings fail to support the judgment, it must stand. It is contended that the judgment is not thus supported, because it is found that plaintiff failed to perform her contract and did not produce ninety-five per cent of living vines agreeably to her guaranty, and hence the court was not justified in drawing the conclusion that the contract had been substantially complied with. The court found that defendants undertook the replanting of the 3,817 dead or missing vines, which the contract contemplated defendants might do upon plaintiff's failure. The court found that after such replanting and proper care and cultivation, in 1909, there was not a ninety-five per cent stand of living vines. How much short of this was the fact is not found, and we must presume that the evidence showed the shortage was but little more than five per cent, and this the court concluded was a substantial compliance with the contract, or, as the statute has it, was compliance "either completely or nearly so," which, "together with full compensation for any want of entire compliance," as given by the findings and judgment, it seems to us was an equitable and fair adjustment of the matter in controversy, and within the spirit and terms of the code rules.

Appellant cites *Pacific etc. Ry. Co.* v. *Campbell-Johnston Co.*, 153 Cal. 106, [94 Pac. 623], where the failure to perform

something less than one-third of the work required by the
contract was held not to be a substantial performance of the
contract.   Appellant assumes that plaintiff's failure must be
tested by the situation at the end of the third year, when there
were 3,817 vines missing, or, as it is figured out, about twenty-
six per cent of the vineyard.   But the court found that plain-
tiff sought and was refused an extension of time to which the
contract entitled her, and we must presume that the evidence
showed her failure to produce the ninety-five per cent of liv-
ing vines at the end of the third year was ''for some unfore-
seen reason'' which the contract contemplated might arise.
At this point defendants themselves exercised the option
which they reserved, and undertook to do the work which
plaintiff offered to do.   The result was a stand of vines, we
must presume, but little short of the ninety-five per cent
provided for in the contract.   For this work as well as for
additional damages they were compensated by the money
judgment.   The court had the right, we think, to look at the
facts as they existed at this time rather than as appeared at
the end of the third year.

Among the items of defendants' cost bill were two items, to
wit: ''Reporter's fee, transcribing ninety-one folios at 30c
per folio, $27.30''; also the item, ''J. L. Torre, fees as inter-
preter on March 30th when deposition was read to and signed
by plaintiff, $3.00.''   Plaintiff filed a motion to tax the
memorandum of costs and to strike out the foregoing items,
''on the grounds that said items were not necessarily incurred,
and that the deposition described therein was taken for the
purpose of harassing and intimidating this plaintiff.''   This
motion was filed on September 7, 1909, and on September 14,
1909, plaintiff served upon defendants' attorneys a notice that
on September 15, 1909, at 10 o'clock A. M. of that day, at the
courtroom of said court, plaintiff would call up her motion
''to tax the costs herein for hearing and determination.''
The court made an order on September 14th, shortening the
time within which said motion would be heard to September
15th, at the hour named in the notice.   The motion came on
to be heard at the hour named, and, defendants not appearing,
the hearing was continued until 1:30 o'clock P. M. of said
day, and defendants not then appearing, the court made an
order striking from the cost bill said two items.   Defendants

claim that the court was without jurisdiction to make the order, "for the reason that under section 1033, Code of Civil Procedure, the adverse party must be served with a notice in writing, specifying the objection to the cost bill, as well as the time when the application to the court or judge will be made to correct or strike it out. Section 1033 does not require the "party dissatisfied with the costs claimed" to serve a copy of his motion. The statute says he "may . . . file a motion to have the same taxed by the court." Section 1005, Code of Civil Procedure, provides that when a written notice of a motion is necessary, it must be given five days before the time appointed for the hearing; "but in all cases the court, or a judge thereof, may prescribe a shorter time." The court had jurisdiction; defendants had due notice of the hearing, and cannot now complain that the court made the order upon their failure to appear at the time appointed.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.