[Civ. No. 5185.  First Appellate District, Division Two.—May 25, 1925.]

## ROSE A. PARRY, Respondent, v. AMY I. CAMPBELL et al., Appellants.

[1] SPECIFIC PERFORMANCE — VALUE OF PROPERTIES — PLEADING — EVIDENCE—TECHNICAL ERROR.—In an action to compel specific performance of a contract for the exchange of real properties, where the complaint sets forth the agreement of the parties and the escrow instructions to the bank in connection therewith, and they indicate that defendants' house was to be valued at a stated sum, subject to a certain mortgage, and that defendants were to receive in exchange therefor plaintiff's ranch, subject to two certain mortgages, and the complaint further alleges that said ranch was of a value of a stated sum and upward (showing an equity of a value equal or greater than the value of the equity in defendants' property), that the exchange is a fair and just exchange and is a fair and equitable and just deal, particularly in so far as it concerns the defendants, that the terms, in so far as they affect the defendants,

are fair, just, and equitable, and that all the consideration, terms, and conditions of the agreement of exchange are fair, just, and equitable, and the evidence shows conclusively that the value of the house and the value of the ranch are such as to make the exchange fair and equitable, any technical error of the trial court in overruling defendants' demurrer to the complaint, directed to the failure of plaintiff to be specific about the actual value of defendants' house, does not result in a miscarriage of justice.

[2] ID.—TIME TO COMPLETE TRANSACTION—WAIVER OF LIMITATION IN ESCROW INSTRUCTIONS.—In this action to compel specific performance of an agreement for the exchange of real properties, defendants had no right to rely upon the provision of the escrow instructions to the bank allowing thirty days within which to complete the transaction, where such instructions provided that, in the event the conditions of the escrow were not complied with at the expiration of the stated time, the bank was to complete the same, at the earliest possible date thereafter, unless written demand was made upon it for the return of the money and instructions, and difficulties were encountered in consummating the exchange and the parties sent amended instructions to the bank from time to time, defendants having written the escrow-holder as late as four months after the expiration of the thirty-day period and three weeks prior to their attempt to arbitrarily cancel the contract returning to the bank, unsigned, a note and mortgage which had been sent to them for signature and stating that they desired some other arrangement, and plaintiff had fully complied with all the conditions of the escrow prior to the attempt of defendants to cancel the contract, but the bank, due to certain intervening holidays and rush of business, had been unable to complete the transaction prior to defendants' attempt to cancel the contract.

[3] ID.—ABSENCE OF HUSBAND'S SIGNATURE—ESTOPPEL.—In such action, the court is authorized to decree specific performance of the agreement of exchange as against the defendant husband, although he did not sign such agreement, where the property, although community property, stands in the name of the wife, and the agreement was signed by the wife, after consultation with him and with his entire consent and approval, and he signed his wife's name and appended his own initials to some of the supplemental instructions sent to the escrow-holder, and plaintiff was given possession of the property, and both defendants went into possession of plaintiff's property, and the defendant husband acquiesced in the situation for many months, and took an active part in the negotiations with the bank acting as escrow-holder over the completion of the transaction.

---

(1) 4 C. J., p. 1170, n. 34; 36 Cyc., p. 776, n. 62.     (2) 21 C. J., p. 882, n. 88.     (3) 31 C. J., p. 125, n. 3 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

Douglas L. Edmonds, Louis F. Labarere and John A. Cronin for Appellants.

James F. McBryde and Eugene J. Wix for Respondent.

LANGDON, P. J.—This appeal is taken by the defendants from a judgment against them enforcing specific performance of an agreement between them and plaintiff for the exchange of real property.

After a careful reading of a lengthy transcript upon appeal, it has become evident that there is ample evidence to support the findings of the court and we shall state the facts as found by the trial court: On April 6, 1922, defendant Amy I. Campbell, with the authorization, knowledge, consent, advice, and approval of her husband, defendant W. A. Campbell, entered into an agreement with plaintiff by which she was to exchange a house in Los Angeles County for a certain ranch in Riverside County belonging to plaintiff. The terms of the exchange were clear and definite. The house was to be free and clear of all encumbrances, except a mortgage of $3,000, and the ranch was to be free and clear of encumbrances, save and except a first mortgage of $3,500 and a second mortgage of $7,250 to be given by Amy Campbell to plaintiff as a part of the purchase price of said ranch. An escrow agreement was entered into, the Glendale State Bank to act as escrow-holder and to carry out the instructions of both parties with reference to the several matters and things to be done before the trade could be consummated. The details of the escrow agreement are set forth in the findings, but the enumeration of them here would only serve to lengthen and complicate this opinion. It is sufficient to say that plaintiff did everything required of her under the agreement and placed the bank in a position where it could consummate the trade. A deed from plaintiff to defendant conveying the title to the ranch was in the hands of the bank, but before delivering and recording the same, the bank was to use funds in its possession under the

escrow agreement to pay off an encumbrance against the property. In the meantime, defendants had taken possession of the ranch and lived upon it for several months, and had placed plaintiff in possession of the house to be transferred to her. On September 5, 1922, defendant Amy I. Campbell notified the bank to return her papers and that she would not go on with the exchange. The two days preceding September 5th had been holidays at the bank and this fact, together with the rush of business, had prevented the bank from consummating the trade before September 5th, although everything required of plaintiff had been done by her prior to that time. As this situation involves one of the "storm-centers" of the appeal, we repeat the finding of the court with relation to it: "That prior to September 5, 1922, and at all times thereafter and at all times mentioned in said complaint the plaintiff was ready and willing to perform and did tender and cause to be tendered to the defendant, Amy I. Campbell, the papers, instruments and money on her part to be performed and that the said bank had the necessary papers but was not given sufficient time to complete its work by said defendants, all of which was without the fault of the plaintiff and that the defendant had presented the papers to the said bank but that said bank did not have sufficient time to complete the instructions as given by said defendants, all of which was without the fault of the plaintiff and that it is true that if the said bank had not been stopped on September 5, 1922, that it could have completed its work and shown the Perris Valley Ranch free and clear of encumbrances except such as were set forth in the instructions and that the bank had other instructions and moneys in additional escrows that, if this escrow between Parry and Campbell had not been stopped would have allowed the said Bank to complete all of the instructions of both the plaintiff and defendants."

It is further found that there was no misrepresentation, concealment, circumvention, fraud, or unfair practices upon the part of the plaintiff in securing defendant's consent to the contract between them, and that the estimated values of the respective properties for the purpose of trade were fair and equitable.

[1] The first contention of appellants is that their demurrer to the complaint should have been sustained because

the complaint does not allege sufficient facts to show that the consideration for defendant's agreement was adequate and that the contract was in all respects just and reasonable as to the defendant. The rule is unquestioned; our concern is with its application in the instant case. The complaint sets forth the agreement of the parties and embodies the escrow instructions to the bank. They indicate that defendant's house was to be valued at $8,000 and was to be deeded to plaintiff, subject to an encumbrance of $3,000, and in exchange therefor defendant was to receive the ranch, subject to a mortgage for $3,500 and to give to plaintiff a second mortgage upon said ranch in the sum of $7,250. The complaint also alleges: ''That the property agreed to be exchanged by plaintiff to defendant Amy I. Campbell to-wit, the ranch hereinbefore described, is of the value of $15,750 and upwards, and that the said exchange of property is a fair and just exchange and that the said exchange is a fair and equitable and just deal particularly in so far as it concerns the defendant, Amy I. Campbell, and that the terms of said exchange, particularly in so far as they affect the defendant Amy I. Campbell, are fair, just and equitable and that all the consideration, terms and conditions of the agreement of exchange are fair, just and equitable.''

While it is true, perhaps, that under some decisions this pleading should have been more specific about the actual value of defendant's house, so as to demonstrate that the transaction was fair and equitable to defendant, nevertheless, the proof shows conclusively that the value of the house and the value of the ranch were such as to make the exchange fair and equitable, and even though technical error may have been committed in overruling the demurrer, in the light of the entire record before us, there has been no miscarriage of justice and we are constrained, therefore, under section 4½ of article VI of our constitution to disregard such error, if error there was. (*Baker* v. *Miller*, 190 Cal. 263 [212 Pac. 11].)

[2]  It is contended that because the bank, through stress of business and because of intervening holidays, had not actually completed the details of the transfer by September 5, 1922, and as more than thirty days had elapsed from the date of the escrow instructions, the defendant had the right, upon that date, to decline to proceed with the exchange.

This position is built upon the statement in the escrow instructions (following an enumeration of the documents handed to the bank) as follows: "All of which you are authorized to use, provided you can hold for me within 30 days from date a certificate of title made by the Title Guarantee & Trust Co. on the following described property" (describing the house owned by defendants). However, the same document contains the following clause: "In the event the conditions of this escrow have not been complied with at the expiration of the time provided for herein, you are instructed to complete the same, at the earliest possible date thereafter, unless I shall have made written demand upon you, for the return of the money and instruments deposited by me." This latter clause is repeated by defendant in her letter of instructions to the bank, which was dated April 6, 1922. Difficulties were encountered in consummating the exchange, and the parties sent amended instructions to the bank from time to time. As late as August 14, 1922, Mrs. Campbell wrote to the bank returning to it, unsigned, a note and mortgage which had been sent to her for her signature and stating that she desired some other arrangement. It is apparent, therefore, that she waived the thirty-day limitation and that she had no right to arbitrarily cancel the agreement on September 5th, when the other party had completely performed the same. As the trial court found, the delay on the part of the bank was without fault on the part of plaintiff who had done everything required of her, and the bank was as much the agent of defendants as of the plaintiff in this matter. Upon this question the trial court found: "That while it is true that the escrow was not completed within thirty days, according to the terms of the original contract, it is true and the court so finds that the time within which said contract was to be completed was continued indefinitely by reason of another provision of the contract contained in the escrow instructions (quoting the provisions hereinbefore set forth). That it is true the parties by consent permitted the period within which each was to perform, to continue indefinitely and, until September 5, 1922, when defendant notified the escrow agent of her conclusion to cancel said contract and that the same was then and there terminated. That it is true that no opportunity was given plaintiff by defendants to perform after

72 Cal. App.—48

the period for performance had been extended and had become indefinite; that under the circumstances, the time that has elapsed was not unreasonable.''

[3] The only other point urged upon the appeal is that the defendant W. A. Campbell, who is the husband of Amy I. Campbell, should not be bound to convey this property because he did not sign the contract and the property, while standing of record in the name of the wife, is shown by the testimony to be community property. Under the facts of the case, this defendant is estopped to set up such a claim. It is true he did not sign the original contract, but the testimony shows, and the finding of the court was, that it was signed by his wife, after consultation with him and with his entire consent and approval, and he signed his wife's name and appended his own initials to some of the supplemental instructions sent to the bank. Under the circumstances of this case, it was not necessary for his contract to have been in writing because the plaintiff was given possession of the house, and both defendants went into possession of plaintiff's property. For months W. A. Campbell acquiesced in this situation, and took an active part in the negotiations with the bank over the completion of the transaction. Under such circumstances, the court had power to decree specific performance against him had he been the sole owner of the property.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 23, 1925.

All the Justices present concurred.