[Civ. No. 8176. First Appellate District, Division One.—February 6, 1932.]

ELROD–OAS HOME BUILDING CO. (a Corporation), Appellant, v. GODFREY N. MENSOR et al., Respondents.

Clarence De Lancey for Appellant.

Booth B. Goodman for Respondents.

THE COURT.—An appeal by plaintiff corporation from part of a decree quieting its title to certain real property and adjudging that defendants recover amounts paid on the purchase price of the property and expended for improvements thereon, less the value of the use of the property.

On October 1, 1926, plaintiff by its agent, Mack Realty Service, Inc., entered into a written agreement to sell the property, upon which was situated a dwelling-house, to defendants—who are husband and wife—for $9,300. On the date of the execution of the contract defendants paid on the purchase price the sum of $200.

The material provisions of the contract are as follows:

" . . . The balance of the purchase price is to be paid within fifteen days from date hereof as follows, to wit, a note to the amount of $200.00 payable ten months from date at seven per cent interest, the balance of $8,900.00 to be carried on first and second deeds of trust. The payments are to be $65 a month including interest at seven per cent per annum; and it is hereby agreed, first, that in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided the amounts paid hereon shall at the option of the seller be retained as liquidated and agreed damages.

"(Second) That in the event the title to said property shall not prove merchantable, and said seller shall not perfect or be able to perfect the same within a reasonable time from this date, the purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligations thereunder;

"(Third) That the evidence of title is to be in the form of a deed issued by responsible title company and to be furnished and paid for by the purchaser . . .

"(Fifth) That the taxes for the current fiscal year ending June 30 following this date, and the insurance, rents and other expenses of said property shall be pro-rated from date of delivery of deed . . .

"(Sixth) Time is of the essence of this contract but the time for any act required to be done may be extended not longer than thirty days by Mack Realty Service Inc."

No deed to the property was executed by plaintiff. It contends, however, in this connection that the deed was to be furnished and paid for by the defendants. But this clause clearly means that the latter were to bear the expense of preparing the deed for delivery, as it was obviously beyond their power to do more. Nor were the trust deeds executed by defendants as required by the contract; but it is a fair construction of the instrument that these deeds were not to be executed before title passed to them; and it is also clear that the further obligation to execute the note with the other acts to be done by defendants were intended as conditions concurrent with the obligation of plaintiff to execute the deed. Moreover, while time was made of the essence of the contract, such a provision may be waived either expressly or by conduct (*Daly* v. *Ruddell*, 137 Cal. 671 [70 Pac. 784]). That there was such a waiver is clear from the fact that defendants made and plaintiff accepted payments of $65 each month until June 1, 1927, a total of $585, and that plaintiff during the same period installed a furnace and laid certain linoleum in the dwelling as called for by the contract.

Defendants from time to time requested that the matter be completed as agreed, and after the date last mentioned tendered certified checks for the monthly payments, and at the expiration of ten months the further sum of $200 for which the note was to have been executed. They did not, however, pay the taxes, but offered to do so if plaintiff would proceed. While no express refusal was shown it appears that plaintiff was unwilling to do so on the original terms, and requested defendants to execute a new contract containing materially different terms, which they refused. After negotiations extending into the fall of 1928 the present

action was brought to quiet plaintiff's title to the property, the complaint alleging that defendants had no right, title or interest therein either in law or in equity.

Defendants by cross-complaint alleged in substance the above facts; also that they had expended the sum of $150 in improving the property, and that plaintiff had failed and refused to perform. They asked that the contract be rescinded and that they recover the amounts expended by them.

They went into possession on October 1, 1926, and continued therein until about April 8, 1928. It was testified that their occupancy during that period was intermittent, and that they lived in the house but ten months. Nevertheless it appears without dispute that they had undisturbed possession for eighteen months; and according to their admission and the court's finding the rental value of the premises was $40 per month.

The court found in accordance with the allegations of the cross-complaint. It entered its decree quieting plaintiff's title, and judgment in favor of the defendants for the amounts expended by them, namely, for $935 less $400 allowed for the use of the property for ten months at $40 per month.

Defendants made no formal offer to perform, but they expressed their willingness to do so on several occasions, at the same time requesting that plaintiff do likewise, and it sufficiently appears that a formal offer would have been futile. Where such is the case a formal offer is unnecessary.

Ordinarily a preliminary notice of rescission is required as a condition to the maintenance of an action for moneys paid under a contract (*Kelley* v. *Owens,* 120 Cal. 502 [47 Pac. 369, 52 Pac. 797]); but where it is apparent that the other party cannot be prejudiced by want of notice, or his rights can be fully protected by the decree, it may be dispensed with (*Zeller* v. *Milligan,* 71 Cal. App. 617 [236 Pac. 349]). In the present case defendants had relinquished possession some time before the action was brought, and in their pleading offered in effect to reimburse plaintiff for the use thereof. This was all they received under the contract; and where the sum to be paid

is to be liquidated by an adjudication based upon evidence of facts independent of the terms of the contract itself an offer to refund such sum as shall be decreed is sufficient (*Sutter Street Ry. Co.* v. *Baum*, 66 Cal. 44 [4 Pac. 916]; *California etc. Co.* v. *Schiappa-Pietra*, 151 Cal. 732 [91 Pac. 593]; *Zeller* v. *Milligan*, *supra*).

As stated, the court found that $40 per month was the reasonable rental value of the property, and allowed for its use for ten months at that rate. Plaintiff contends that there was no evidence supporting this finding, and also that defendants had undisturbed possession for eighteen months. While a vendee seeking rescission must account for the value of the use of the property during the time he was in possession, nevertheless the same is properly a matter of counterclaim by the vendor (*Drew* v. *Pedlar*, 87 Cal. 443 [22 Am. St. Rep. 257, 25 Pac. 749]; *Montgomery* v. *Meyerstein*, 186 Cal. 459, 465 [199 Pac. 800]), the burden of proof as to such value being placed upon him (*Green* v. *Barney*, 4 Cal. Unrep. 665 [36 Pac. 1026]). Here plaintiff alleged in his answer to defendants' cross-complaint that the latter had "made use of the property without paying therefor", but adduced no evidence of the value of its use. However, counsel for defendants offered in open court to allow the sum of $40 per month for ten months, and the court found the monthly value to be this amount. Under the circumstances we think plaintiff has no ground for complaint except as to the number of months for which the allowance was made. While defendants actually occupied the premises for about ten months, and this owing to the fact that the business of the husband required them to reside elsewhere during the rest of the period, nevertheless they held undisturbed possession for eighteen months. The whole period should, we think, have been allowed for at the monthly rate impliedly admitted by defendants and found to be reasonable, and consequently there should be deducted from the judgment on this account the sum of $320.

No attack is made upon the amounts allowed for improvements by defendants, and with the above exception we are satisfied that the conclusions of the trial court are fairly sustained.

The portion of the judgment in favor of defendants is accordingly modified by deducting therefrom the sum of $320, and as so modified the judgment is affirmed.

It is further ordered that each party bear his own costs of appeal.