[Civ. No. 16184.   Second Dist., Div. Two.   Apr. 19, 1948.]

KENNETH N. PITT, Appellant, v. MABEL W. MALLALIEU, Respondent.

78

Crawford & Browne for Appellant.

A. A. Rotberg for Respondent.

MOORE, P. J.—By this second amended complaint, herein referred to as the "complaint," plaintiff sought to enforce specific performance of his agreement dated April 14, 1944, to purchase two lots in the city of Pasadena. The price was $9,500, of which $250 was paid at the time he signed the agreement, the balance payable within 90 days "into escrow with the Pasadena Escrow & Safe Deposit Company . . . for the benefit of the seller together with the above deposit" of $250. Six conventional conditions followed the last quoted language and they are printed on the margin hereof.* Plaintiff paid no money into the escrow prior to March 15, 1946, when he deposited "an additional $1750 . . . as evidence of his good faith." Prior thereto, on February 12, 1946, defendant gave plaintiff written notice that she did not intend to perform the agreement. This action was instituted on July 1, 1946. After the third attempt to plead a valid cause to enforce the agreement the court below sustained a general demurrer without leave to amend and entered its judgment of dismissal from which comes this appeal.

That the complaint does not state facts sufficient to constitute a cause of action is palpably clear. A suit for specific performance cannot be enforced in favor of one who has not fully and fairly performed all conditions precedent on his part to be performed except where his failure is only partial and either immaterial or capable of being fully compensated.

---

*"First—That in the event said purchaser shall fail to pay the balance of said purchase price or complete said purchase as herein provided, the amounts paid hereon shall, at the option of the seller, be retained as liquidated and agreed damages.

"Second—That in the event the title to said property shall not prove merchantable and said seller shall not perfect, or [be] able to perfect, the same within a reasonable time from this date, the purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligation hereunder.

"Third—That the evidence of title is to be in the form of POLICY OF TITLE INSURANCE issued by a responsible title company and to be furnished and paid for by the SELLER.

"Fourth—That in the event the improvements on said described premises should be destroyed or materially damaged between the date hereof and consummation or settlement of this purchase, this contract shall at purchaser's election immediately become null and void and said deposit shall be returned to said purchaser on demand.

"Fifth—That the taxes for the current fiscal year ending June 30th, following this date, and the insurance, rents and other expenses of said property shall be pro-rated from date of delivery of deed or final contract of sale, and that the property is sold subject to approval of owner.

"Sixth—Time is the essence of this contract but the time for any act required to be done may be extended not longer than thirty days by Baynham-Bunnell Company."

(Civ. Code, § 3392.) ■ It is a presumption that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation. ■ The contract cannot be rewritten in any of its terms; nor can one of them be ignored. Plaintiff's obligation to deposit the purchase price within 90 days and the provision that time is of the essence are as binding as the promise to convey the land. Failure to pay the money within the specified time deprives the vendee of his right of action to enforce performance of the vendor who holds the privilege of terminating the agreement of sale. (*Milton Kauffman, Inc.* v. *Smith,* 82 Cal.App.2d 302, 303 [186 P.2d 11]; *Cleary* v. *Folger,* 84 Cal. 316, 319 [24 P. 280, 18 Am.St.Rep. 187]; *Grey* v. *Tubbs,* 43 Cal. 359, 363.) ■ Upon his failure to make payment the vendee committed a breach, and no affirmative act by the vendor was necessary to terminate the vendee's right of enforcement. (*Schwerin Estate Realty Co.* v. *Slye,* 173 Cal. 170, 173 [159 P. 420].)

■ Plaintiff contends that he was excused from nonperformance by reason of the clouded condition of defendant's title. But while the agreement implies that defendant's title might not prove merchantable and she might not perfect it within a reasonable time, the remedy for plaintiff in such event is provided by the agreement's provision ''that the purchaser shall have the option of demanding back said deposit and shall be released from all obligation hereunder.'' The requirement that plaintiff deposit the total purchase price in escrow was not conditional but was absolute. His failure to make the deposit within the 90 days after the agreement was a breach of it and terminated his rights. (*Lloyd* v. *Locke-Paddon Land Co.,* 5 Cal.App.2d 211, 214 [42 P.2d 367].) Unless the complaint alleges full performance or an offer to perform plaintiff's part of the contract he is not entitled to maintain his action to enforce performance. (*Peckham* v. *Stewart,* 97 Cal. 147, 150 [31 P. 928].) The fact that there was an encumbrance against defendant's title which she was not able to remove within the time fixed for performance did not relieve the vendee from making a tender of the purchase price and demand of performance as a condition for his action. (*Peckham* v. *Stewart, supra; Griesemer* v. *Hammond,* 18 Cal. App. 535, 539 [123 P. 818].)

■ But plaintiff attempts by his pleading to obviate the specific requirement of the agreement. He contends that his failure to tender the full amount required by the contract

was excused by the conduct of defendant. The conduct which he claims was sufficient to excuse his nonperformance was: (1) the discovery that defendant's title was clouded; (2) defendant's failure to give instructions to the escrow agent although plaintiff had done so; (3) since an action to quiet title would involve indeterminate delay, plaintiff logically concluded that defendant's failure to give escrow instructions within 90 days indicated her intention not to require deposit of the purchase price within that period; (4) to have deposited the balance under such circumstance would have been an idle act, not required by law (Civ. Code, § 3532); (5) deposit of the balance of $9,250 would not have advanced the consummation of the transaction.

But the language of the agreement was definite and positive in requiring plaintiff to deposit the balance within 90 days after date of the writing. Also, it made provision for the probable contingency, to wit, "in the event the title to said property shall not prove merchantable and seller shall not [be] able to perfect the same within a reasonable time, the purchaser shall have the option of demanding and receiving back said deposit and shall be released from all obligation hereunder." Likewise, the pleading makes no allegation that plaintiff was induced by defendant's word or act not to deposit the balance within the 90-day period. The complaint alleges that plaintiff prepared and signed escrow instructions on June 2, 1944, requiring defendant to waive the 90-day provision of the agreement and to extend the time for plaintiff to deposit the balance of the $9,250 for three months; that plaintiff tendered the balance to defendant's agent on July 10, 1944, and that it was refused because of the defective title. While the agreement designated an escrow agent which should receive the balance within 90 days after its date, no provision for the extension of time for any act in excess of 30 days was included. Of course, the tender of the balance to defendant's agent instead of the designated escrow agent was no compliance at all. ■ An offer of performance by a party to a transaction must be made to the person or entity designated in the agreement within the time fixed for performance, and in good faith and in a manner most likely to benefit the creditor. (Civ. Code, §§ 1488, 1490, 1493.)

Although the agreement made no provision for plaintiff alone to open the escrow, the plaintiff alleges that he prepared and signed instructions on June 21, 1944, and that defendant by failing to sign instructions caused him to withhold

the $9,250 balance from escrow. The complaint then alleges that subsequent to her refusal to sign instructions plaintiff made no tender of the balance because on February 19, 1946, almost two years after the date he was required to deposit the $9,250, defendant advised plaintiff that she did not intend to convey the property as agreed. The instructions of plaintiff contribute nothing to the completion of the purchase but constitute a mere counterproposal. Not having been accepted it became neither license nor excuse for plaintiff's failure to deposit the money within the 90 days. ▮ Before an offer to do an act in fulfillment of an agreement can bind the offeree it must conform to the terms of the very agreement or its new conditions must be first accepted by the other party. (*Bullock* v. *McKeon*, 104 Cal.App. 72, 79 [285 P. 392].)

▮ Plaintiff contends that his complaint pleads a justifiable excuse for his noncompliance with his promise by alleging (1) that defendant refused to sign a grant deed and preferred to convey by quitclaim; (2) that it was discovered that her title was clouded; (3) that defendant was not diligent in the prosecution of the action to quiet her title; (4) that from April 14, 1944, to February 19, 1946, by writing defendant indicated her intention to perform the agreement. Neither one nor all such allegations constitute an excuse for his failure to deposit his money as he was obligated to do. The form of deed was immaterial since either a grant or quitclaim conveyed title. The policy of title insurance would have protected him against loss. It is not pleaded that defendant ever granted additional time to make the deposit, and his reliance upon defendant's desire to perform the agreement is no excuse for his failure to perform his distinct covenant to deposit the purchase money within 90 days. His allegations that he was induced by the acts of defendant not to comply implicitly with the agreement are meaningless conclusions of the pleader. They state no facts done by defendant, tender no issue and in no respect add vitality or symmetry to the pleading. (*Monahan* v. *Department of Water & Power*, 48 Cal.App.2d 746, 753 [120 P.2d 730]; *Thayer* v. *Magill*, 13 Cal.App.2d 21, 26 [55 P.2d 1272]; *Callahan* v. *Broderick*, 124 Cal. 80, 82 [56 P. 782]; *Wall* v. *State of California*, 73 Cal.App.2d 838, 842 [167 P.2d 740].) Since the escrow instructions prepared by plaintiff did not supplant the agreement (*Keelan* v. *Belmont Co.*, 73 Cal.App. 2d 6, 12 [165 P.2d 930]), defendant's refusal to sign them

was no excuse for plaintiff's failure to proceed with his performance of an obligation as to which time was of the essence. The requirement for his deposit of the balance within 90 days was not conditioned upon either defendant's signing escrow instructions at a definite time, upon the form of deed she would use or upon her failure to consent to a modification of the agreement. With a speculative market to reckon with plaintiff kept himself in a position to do or not to do, as advantage might dictate: to withdraw and forfeit the $250 if prices fell, or to demand performance if they should rise.

Plaintiff contends that after he was in default as to his deposit defendant waived the default by her declared intention to carry out the agreement. There is no allegation that she ever agreed to sell the property on any terms other than those contained in the agreement. That instrument imposed upon plaintiff the sole requirement that he deposit in escrow the $9,250 within 90 days. His failure was not based upon any pledge or promise of defendant, with or without consideration. Where time is made of the essence of an agreement to pay money an allegation that the promisor was at all times ready, willing and able to make the payment is not the equivalent of payment. Not only was plaintiff obliged by the agreement to make the deposit as provided, but defendant's refusal to convey after the time for his performance had elapsed did not excuse his failure. (*Heine* v. *Treadwell,* 72 Cal. 217, 220 [13 P. 503].)

*Boone* v. *Templeman,* 158 Cal. 290 [110 P. 947, 139 Am.St. Rep. 126], does not support plaintiff's contention that defendant waived his default. By his contract Boone agreed to buy Templeman's land for $2,750 with a down payment of $600, the balance in monthly installments of $50 on the 5th of each month commencing November 5, 1901. Although time was made of the essence Boone paid only the first installment on time. While 64 months had passed before the action was filed to enforce the conveyance, Boone had made but five payments aggregating only $700, and no protest was ever made by the seller concerning such contempt for the obligation to pay on the 5th day of each month. In July 1906 without previous notice Templeman served notice of rescission. The court held that plaintiff's offer to pay the entire balance must be accepted for the reason that the vendor had waived all breaches which had occurred at or prior to the time such payments were actually made and for that reason was estopped to insist upon a forfeiture of the contract. Other authorities cited by appel-

lant herein (*Flagler* v. *Kroonen,* 61 Cal.App. 359 [214 P. 1006]; *Elrod-Oas Home Building Co.* v. *Mensor,* 120 Cal.App. 485 [8 P.2d 171]; *Lifton* v. *Harshman,* 80 Cal.App.2d 422 [182 P.2d 222]; *Daly* v. *Ruddell,* 137 Cal. 671 [70 P. 784]) on the proposition that defendant waived plaintiff's default are as readily distinguishable.

There is no allegation that defendant ever consented to extend plaintiff's time for performance, or that she knew of plaintiff's failure to make the deposit, or that plaintiff was injured by anything done by defendant. Despite the absence of such allegations plaintiff argues now that after he had failed to make the deposit defendant could have either declared a forfeiture or treated the agreement as in force. There were many things that defendant could have done but they are irrelevant here as proof of her waiver of plaintiff's compliance with the agreement. The backbone of this controversy is plaintiff's behavior toward his written obligation to deposit the $9,250. In lieu of performance he now regales the court with his argument that defendant's nonaction is the equivalent of his actual compliance.

Defendant was entitled to the deposit of the money as agreed. Concededly she did not expressly waive it. The facts alleged are not such as to justify an inference (a) that she knew the deposit had not been made; (b) that after gaining such knowledge she did some act that resulted in a prejudice to the rights of plaintiff; or (c) that such prejudice was caused by plaintiff's honest belief that a waiver of the deposit was intended. ▮ To constitute a waiver of a legal right the holder thereof must have intentionally relinquished such right after having knowledge of the facts. (*Roesch* v. *De Mota,* 24 Cal.2d 563, 572 [150 P.2d 422].) Such waiver implies "the intentional forbearance to enforce a right." (*Wienke* v. *Smith,* 179 Cal. 220, 226 [176 P. 42].) ▮ In the absence of an express waiver the only situation in which an implied waiver is found is that in which the party for whom the act in question was to be done permitted his contractee to perform contrary to the contract and accepted the benefits of such performance after default and with knowledge thereof. Nothing of the sort appears in the complaint here. After learning of the cloud on her title defendant proceeded at her own expense to clear it. Having done so she discovered that nothing had been done by plaintiff in fulfillment of his

one obligation. Thereupon she cancelled the unperformed agreement.

*Parry* v. *Campbell,* 72 Cal.App. 748, 752 [238 P. 127], is not pertinent. There the escrow instructions provided that if the terms of the escrow had not been complied with at the expiration of the time specified the agent should complete the same as soon as possible unless the defendant had made written demand for the return of his money. The plaintiff had fully complied with the instructions prior to such demand.

Plaintiff's contention that a tender of the money was unnecessary because defendant had excused it and thereafter repudiated the agreement is without merit. There is no allegation that defendant excused nonperformance. Instead, according to the complaint, she refused to sign instructions designed to extend plaintiff's time for depositing the money. In view of her constant reluctance to be governed by plaintiff's wishes he had no good reason to deem himself excused and she was within her rights to rescind the agreement. In the absence of an appropriate allegation that defendant waived the 90-day period for plaintiff's deposit of the money he cannot urge that she waived his nonperformance in the face of his allegation that between April 14, 1944, and February 19, 1946, "defendant indicated in writing her intention to carry out and fulfill her obligation." (Civ. Code, § 1490.) If she had waived his nonpayment of the money into the escrow, in language plaintiff would have alleged her words; if she had waived it by conduct he would have declared the series of acts constituting such conduct. Where a purchaser of land has failed to make payment of the purchase price within the time specified and time is of the essence of the sale agreement, equity follows the law and does not disregard such provisions but holds the buyer strictly to his obligation. (*Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, 14 [55 P. 713, 69 Am.St.Rep. 17, 43 L.R.A. 199].)

*Sheplar* v. *Green,* 96 Cal. 218 [31 P. 42] and *Thomas* v. *Ray Cowan, Inc.,* 99 Cal.App. 140 [277 P. 1086], are not apropos to the point of defendant's alleged waiver. In neither of them was time made of the essence of the contract in dispute. Also, in the one case, Sheplar had received more than half of the purchase money and had permitted Green to occupy the land and to make valuable improvements. In the other, Mrs. Cowan prevented service of Thomas's notice of the exercise of his option to buy the land. She could not take advantage of her own wrong.

Plaintiff's allegation that he had deposited $2,000 in the escrow and tenders payment to defendant of $7,500, "and will pay the same in court when required," is not the equivalent of alleging that he had paid $9,500 into the escrow within the 90 days. The only appropriate and effective offer to be made by a defaulting vendee is one accompanied by a tender of all the moneys payable under the contract of purchase. (*Kelso* v. *Ulrich,* 67 Cal.App.2d 698, 702 [155 P.2d 407].)

Plaintiff contends that if he was in default in not having paid the purchase money within the time limit the default was immaterial. There is no lawful basis for such a claim. Contracts for the sale and purchase of property constitute an efficient means of commercial and trading intercourse. They are an indispensable device for the conduct of daily business and dealings in every modern state. Their value is enhanced by the universality of their use and by the uniformity of their interpretation. Unless the covenant of one party to pay money or deliver a deed to property within a time specified is deemed sacrosanct, then such contract becomes as sounding brass and the use of it as an aid of the expedition and safety of business transactions is at an end. Plaintiff's compliance with his obligation was the first act to be done. The Civil Code makes wise provision for such an instrument and for its interpretation. (§§ 1434, 1661.)

The authorities (*Brown* v. *Roberts,* 121 Cal.App. 654 [9 P. 2d 517], and *Furtinata* v. *Butterfield,* 14 Cal.App. 25 [110 P. 962]) cited in support of the immateriality of plaintiff's default are readily distinguishable.

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.