[Civ. No. 3401. Third Appellate District.—February 15, 1928.]

J. R. WEBB et al., Respondents, v. H. V. TISCHAUSER, Appellant.

Howard Prowse and Burton Briggs Crane for Appellant.

Davis & Thorne for Respondents.

PULLEN, J., *pro tem*.—This is an action for personal injuries growing out of an automobile accident at the intersection of Avenue 18, North Broadway, and North Spring Streets in the city of Los Angeles. Defendant Myers did not appear at the trial and judgment by default was taken against him, but from the verdict of the jury in favor of the plaintiffs and against defendant Tischauser, he, Tischauser, appeals.

Avenue 18 runs in an easterly and westerly direction; North Spring Street runs in a northerly and southerly direction, terminating at the intersection of Avenue 18. North Broadway enters the intersection of Avenue 18 and North Spring Street from a westerly direction, bisecting the angle of intersection of Avenue 18 and North Spring Street, and continuing across said intersection, proceeds in an easterly direction at right angles. Avenue 18 forms the continuation of what would be North Spring Street. A double street-car track runs along North Broadway, making a wide curve swerving across the intersection formed by Avenue 18, North Broadway, and North Spring Streets. A traffic button is located in the intersection, which lies somewhat to the west of the center line of North Spring Street and its northern extension, called North Broadway.

On the morning in question appellant Tischauser was driving southerly along North Broadway, intending to cross Avenue 18 in a direct line down North Spring Street. He stopped at the intersection of North Broadway and Avenue 18 for a north-bound street-car to pass. He then proceeded on and in passing a south-bound street-car and another automobile passed to their left and to the left of the button, thereby causing him to drive slightly to the left of the center of the street. At that point he observed a large automobile approaching along North Broadway at a high rate of speed. He proceeded further toward the left of the street to avoid a collision. It was at that time that he first observed plaintiff, who was standing about ten feet from the east curb of North Spring Street. Immediately upon plaintiff seeing the approaching car of appellant, he jumped back about three feet. Appellant observing the approaching automobile, again swerved to the left to avoid the collision, and he again turned his automobile toward plaintiff, who

again jumped back about three feet, and almost simultaneously, the collision between the two automobiles occurred. The plaintiff was struck by one of the speeding cars and sustained the injuries complained of.

Appellant contends that respondent was guilty of contributory negligence, and that certain remarks by the court prejudiced the appellant before the jury.

The question of negligence was presented by the plaintiff, and appellant submitted proof as to the question of contributory negligence to the jury, which found against him upon his contention, and it is the duty of the court, in view of appellant's appeal, to examine the evidence and find if it was insufficient to sustain such a conclusion.

In the case of *Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649], the court makes the following comment: ''The question of whether or not a pedestrian is negligent in crossing a street is one which, in the absence of express statutes regulating his conduct, must ordinarily be left to the jury, for the conduct of an ordinarily prudent person under such circumstances must be largely determined by the condition of the traffic at the particular time and place in question.''

The testimony in the record does not support appellant's claim that the respondent was negligent as a matter of law. The plaintiff testified, in part, as follows: ''When I first saw the Ford coupe coming around the street car, I was about ten feet out on Spring street going across to this corner, and I saw him come right in my direction—I don't know the speed, but it would be twenty or twenty-five miles an hour or more; and I saw I was in danger, so I jumped back maybe three feet, and he came the second time in my direction again, headed to me again. I jumped back again, and when I jumped the second time he was right on top of me and I didn't know anything else.''

Mr. William Giovanetti, a disinterested witness, testified as to what occurred in the following manner: ''Well, I seen this Ford car coming down Broadway there, and then I seen this other Willys-Knight coming down, and so I seen this man here, Webb, I think his name is, and I seen this Ford kind of cutting the button there, coming over toward this man here, and I kind of didn't look for the cars any more, if they hit or not, but I watched Mr. Webb here when

he tried to jump back, and this fellow kind of pulled out a little bit, and Mr. Webb jumped back in, and he hit him.''

Appellant testified: "As I was passing him (respondent), the center of my car was about even with his body when this machine which was coming down the hill struck the rear end of my car with a terrific crash and threw the car completely around, turned the car around so I was facing in the opposite direction, and knocked it over on its side, on its left side,'' and, "Q. And how many feet from the curb line at that particular point, approximately? A. My left front wheels were probably fifteen feet from the curb line, as the pedestrian had stepped back twice two or three feet. He probably stepped back about five feet and was then standing about ten feet from the curb. *I was clearing him about five feet, running parallel with the curb.''*

Surely, if appellant, who was in a superior position to observe what was transpiring and to judge the respective speed and distance of the approaching automobile, thought that he would clear respondent by five feet, if he had not been struck by the car of his co-defendant Myers, the respondent would have the equal right to believe the same and act accordingly. Owing to the difference in the speed and congestion on our highways, as compared with the traffic conditions of a few years ago, what might have been considered wilful negligence and careless exposure to injury at that time, may now, perhaps, be considered necessary agility, to keep up with the moving throng, and it cannot be declared to be contributory negligence on the part of respondent that he allowed only five feet of clearance between himself and the passing car.

The remarks of the trial court, to which appellant excepts, arose during the examination of medical experts on the witness-stand and had to do with the testimony of a preceding witness, both of whom were testifying as to the subject of syphilis. We have carefully read the entire record and can find nothing to bear out the construction placed upon the remarks of the court by appellant.

In a supplemental brief the question is raised for the first time that the wife of respondent, Angelica Webb, was not a proper party plaintiff, and that the complaint did not state a cause of action in her favor, and for that reason she could not, under the circumstances, sustain any

damages, and was not authorized to sue. Angelica Webb, wife and coplaintiff of respondent, J. R. Webb, alleges her sole ground of recovery as follows: "That as a consequence of the injuries of said plaintiff, J. R. Webb, plaintiff Angelica Webb, has lost the comfort, assistance, support and aid of her husband."

This allegation was denied by appellant in his answer in the following language: "Denies that as a consequence of said injuries, or any injuries, the said plaintiff Angelica Webb lost the comfort or assistance or support or aid of the said plaintiff, J. R. Webb." The objection was not raised either by demurrer or motion at any stage of the proceedings, and is for the first time suggested to the court in this supplemental brief.

Section 430 of the Code of Civil Procedure provides that a defendant may demur to the complaint within the time required in the summons to answer, when it appears upon the face thereof, either: "4. That there is a defect or misjoinder of parties plaintiff or defendant," and section 434 of the same code provides: "If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

In the case of *Meier* v. *Wagner*, 27 Cal. App. 579 [150 Pac. 797], the plaintiffs, husband and wife, were improperly joined as parties plaintiff. The point was raised by defendants on demurrer, and although the reviewing courts held that the demurrer should have been sustained, yet, where it was shown that the defendants and appellants had not suffered by such error, the judgment would not be reversed. The court in that case said: "Such misjoinder, however, in nowise prevented a full, fair, and complete trial of the issues presented, which, in the absence of the rule stated, might, without prejudice to defendant, have been included in one action prosecuted by the husband and wife as plaintiffs. The fact that the judgment and proceeds thereof are, as community property, subject to the exclusive control of the husband, constitutes a bar to the further action by him to recover the consequential damages alleged in the complaint herein. The error, since it is purely

technical and did not deprive defendant of any substantial right, or affect the merits of the case, falls within the provision of section 4½ of article VI of the constitution, which provides that "no judgment shall be set aside, or new trial granted . . . for error as to any matter of pleading, . . . unless . . . the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In the case at bar no claim is made by appellant that the elements of damage were not suffered by plaintiff J. R. Webb. There is no denial that plaintiff was confined to the hospital, that he was compelled to employ a physician, and that he suffered the injuries complained of, and no contention is made that the award by the jury is excessive or unreasonable.

In the case of *Asevedo* v. *Orr*, 100 Cal. 293, 300 [34 Pac. 777], the court, considering this point, says: "The second count in the complaint sufficiently states a cause of action against these appellants upon their undertaking, and a demurrer to the entire complaint cannot be sustained if either of the counts is good. So, also, a joint demurrer by all of the defendants must be overruled if the complaint is good against either of them. A complaint is not necessarily defective in which there is united with some defendants another against whom no liability or recovery sought, and an order overruling a demurrer for misjoinder of parties defendant does not constitute a reversible error, if it can be seen that the rights of the parties have not been prejudiced. The complaint in the present case seeks no recovery against these appellants except upon their undertaking, and it is evident that their rights could not be prejudicially affected by the fact that their principal, who did not unite with them in the undertaking, has been made a codefendant." To the same effect, the supreme court holds in the case of *Daly* v. *Ruddell*, 137 Cal. 674 [70 Pac. 785]: "And, moreover, no substantial rights of the defendant have been invaded by this joinder. When no impairment of substantial rights is shown, a judgment rendered after a trial upon the merits should not be reversed because the court overruled a demurrer for such misjoinder."

The plaintiff Angelica Webb did not herself testify and no evidence was introduced by plaintiffs that was not prop-

erly in support of the cause of action in favor of J. R. Webb alone.

■ Appellant claims that the use of the word "plaintiffs" in the court's instructions and the use of the plural in the forms of verdict would require a reversal in this case. Upon the question of damages the court instructed the jury as follows: "You are instructed that in the event you find in favor of *plaintiffs*, in estimating the actual compensatory damages, if any, to which he is entitled, you may take into consideration the value of the time lost, if any, by the plaintiff J. R. Webb while disabled from his injuries, if any, to work and labor, taking into consideration the nature of his business and whether or not he will be able to further pursue said labor or business in the future. Also a fair compensation for his suffering, if any, and the probable effect of the injury, if any, in his health or strength or future suffering, if any, awarding him as a whole such sum of money which will actually compensate him for the injuries sustained."

It will be noted that, although the court in the second line used the word "plaintiffs," throughout the balance of the instruction the masculine singular was employed. Also, the following instruction was given: "You are instructed that if the plaintiff in this action has shown himself entitled to recover, he is entitled to recover for all damages which he has suffered up to the time of the trial, if any, and for all damage that it is reasonably probable that he will sustain in the future, if any, not exceeding the sum claimed in the complaint. In estimating the compensatory damages in cases of this character, all the consequences of the injury, future as well as past, are to be taken into consideration, including the bodily and physical pain and suffering which is shown by the proof to be reasonably certain to have naturally resulted from the injury. The plaintiff, if you find him entitled to recover, should be awarded compensation for all expenses actually paid or incurred for doctor's bills. If you find that plaintiff is entitled to recover, and believe from the evidence that the injuries sustained are permanent in their character, this must also be taken into consideration in your estimate of damages, and if you find for the plaintiff in this action, such sum should be awarded as in your best judgment will fairly and fully compensate

him for any injuries received by reason of the alleged negligence and carelessness of the defendants or either of them, not exceeding in amount the sum claimed in the complaint."

These two instructions were the only instructions given by the court on the question of damages, and they are so plain as to what elements the jury could take into consideration on that subject as to preclude any doubt thereon.

For the foregoing reasons, the judgment is affirmed.

Hart, J., and Finch, P. J., concurred.