[Civ. No. 7751. Second Appellate District, Division Two.—May 2, 1933.]

ROBERT REDWING, Respondent, v. CHARLES MON-CRAVIE, Appellant.

Kidd, Schell & Delamer and Sam E. Edwards for Appellant.

Russell H. Pray, Delmar W. Doddridge and Wahlfred Jacobson for Respondent.

WORKS, P. J.—This is an action for the recovery of special damages resulting from personal injuries to a guest passenger in an automobile, alleged to have been suffered by her because of the intoxication, wilful misconduct or gross negligence of the driver of the car. The action was commenced in this form because of the statute, in force at the time the action was begun, limiting the common-law right of guest passengers to recover against their host drivers to cases of intoxication, wilful misconduct or gross negligence. The question of intoxication was eliminated from the cause at the trial. The injured woman, Rose Marie Redwing, was married, but her husband is the sole plaintiff in the action. He had judgment for $25,000 and defendant appeals. The cause was tried by a jury.

As the judgment must be reversed and as the action may be tried again, it becomes our duty to place a construction upon the pleadings in order that on a retrial the hearing may be had upon theories different from those upon which it has already been tried and which were erroneous.

572

The injuries alleged to have been suffered by respondent's wife resulted from appellant's car, while being driven by him, colliding with the rear end of a truck, under circumstances which need not be detailed here. It is alleged in the complaint, as a result of the catastrophe: "That the lower lip of said Rose Marie Redwing was completely cut off, her right eyelid was completely cut off, the inside of her mouth was cut and lacerated to such an extent that thirty or forty stitches were necessary; she received concussion of the brain and fracture of the skull, her hands were cut and her body was bruised and contused and she was injured internally and her face was disfigured, scarred and marred permanently, all to plaintiff's damage in the sum of fifty thousand dollars ($50,000.00)." It is well settled that damages for personal injuries to a wife are not recoverable unless she is a party plaintiff in the cause instituted to recover such damages (*Matthew* v. *Central Pac. R. Co.*, 63 Cal. 450; *McKune* v. *Santa Clara etc. Lumber Co.*, 110 Cal. 480 [42 Pac. 980]; *Moody* v. *Southern Pac. Co.*, 167 Cal. 786 [141 Pac. 388]). Therefore, the allegation that respondent had suffered $50,000 damages because of the injuries to his wife was immaterial in a cause in which he was the sole plaintiff. Not only were the injuries in question, as a matter of law, suffered by her and not by him, but she was damaged by them and not he. He, as the sole plaintiff, could sue only for consequential or special damages suffered by him as the proximate result of the injuries to her.

The complaint also contains these allegations: "This plaintiff further alleges that he is a full-blooded American Indian, and that he is a producer of motion pictures and that he has been engaged in the production of motion pictures for a period of four years immediately preceding the filing of this complaint. Plaintiff further alleges that he specializes in the production of Indian legends and educational pictures involving Indian lore for public schools and colleges and that he has spent the two years immediately preceding the filing of this complaint in developing the said Rose Marie Redwing as a motion picture actress in said Indian productions. That the said Rose Marie Redwing is an Osage Indian and has been featured as a leading

actress in the productions of this plaintiff during the year immediately preceding the filing of this complaint. That the facial features of the said Rose Marie Redwing have been an asset and were of great value to this plaintiff in his business of producing motion pictures. That because of the negligence hereinabove set forth of said defendant, the said Rose Marie Redwing, wife of this plaintiff, has had her facial features ruined and her face has been scarred, marred and disfigured for life and permanently and to such an extent that her acting in motion pictures in the future will be impossible, and because of the facts as herein alleged, this plaintiff will be prevented from using the said Rose Marie Redwing, his wife, in future motion picture productions, and in these respects this plaintiff has been damaged in the sum of one hundred thousand dollars ($100,000.00).'' Under the law respondent could not have been damaged, under these allegations, in any sum whatever. The fact that Rose Marie was his wife did not place her under such a condition of servitude to him as entitled him to demand or to expect her services as a motion picture actress. If she were willing at any time to enter into any employment other than that of a housewife she might elect to be either a stenographer, an opera singer, or a beach lifeguard. Further, if she desired to remain a motion picture actress she might choose to disport herself before the camera under some producer other than her husband. It is plain that appellant, if it be conceded that any injury to Rose Marie was due to his wilful misconduct or gross negligence, cannot be made to pay damages to respondent for a wholly imagined and speculative damage to him because of the allegations in this paragraph above quoted. The point here determined is not suggested by appellant, but while it is our duty, if possible, to affirm judgments on appeal, we think we owe it even to an appellant to declare that a claim for damages which is without foundation in the law shall not be presented to a jury for determination. Upon a retrial of this action, therefore, the *ad damnum* allegation of the complaint to the effect that respondent has suffered damages in the sum of $100,000 will be disregarded by the trial court. In passing, it may be observed that the complaint alleges no contract whatever between respondent and Rose Marie for the rendition by

her of services as a motion picture actress. Nor do we decide whether or not, if such a contract had been pleaded, respondent could recover damages from appellant because thereof.

It is alleged in respondent's pleading, further: "That because of said injuries herein and above referred to received by the said Rose Marie Redwing, it will be necessary that this plaintiff employ doctors, medical attendance, supplies and hospital services for the said Rose Marie Redwing, and this plaintiff alleges, on information and belief, that it will be necessary that he incur expense in this regard in the future and that future medical expense and hospital services will be necessary for the said Rose Marie Redwing, and in these respects this plaintiff alleges he has been damaged in the sum of ten thousand dollars ($10,000.00)."

It is too plain for argument that under these various allegations of his complaint respondent, as the sole plaintiff in the action, could have recovered no more than $10,000, although in the prayer of the pleading judgment was demanded for the sum of $160,000. This prayer cannot be considered as an *ad damnum* allegation (*Kelly* v. *McDonald,* 98 Cal. App. 121 [276 Pac. 404]). It is obvious, then, merely as a matter of pleading, that the verdict for $25,000 was excessive to the extent of three-fifths of the amount named by the jury.

It is also alleged in the complaint that "the defendant, against the will and without the consent of this plaintiff, induced the wife of this plaintiff, the said Rose Marie Redwing, to accompany the said defendant in an automobile operated by said defendant" on the trip which resulted in the casualty referred to in the pleading. Appellant in his answer denied this immaterial allegation. We say the allegation was immaterial because the complaint plainly indicates, as we have already remarked, that a recovery was sought upon the theory that respondent's wife was a "guest passenger" with appellant. Certainly, a wife, within the meaning of the statute as to guest passengers, may become a guest of a man other than her husband upon an automobile tour irrespective of the husband's consent. That is a question between her and the driver of the car. The lack of consent may ultimately end in difficulty between the husband and the wife, but it bears no relation whatever to the

question whether, as between the passenger and the operator of the car, the former was the guest of the latter. If the husband, because of the lack of consent, seeks solace under the law, he must find it under some form of action other than the present one. Therefore, if another trial of this cause should occur, no evidence will be received by the trial court upon the question whether respondent consented to his wife's free ride with appellant.

It is alleged in the answer: "That immediately prior to and at the time of the occurrence of the accident referred to in the complaint defendant and said Rose Marie Redwing were engaged upon a common or joint pleasure enterprise and that if in fact this defendant immediately prior to or at the time of the occurrence of the accident referred to in the complaint was negligent, and if in fact at the time of the occurrence of said accident said Rose Marie Redwing was the wife of plaintiff (which admissions are made solely for the purposes of this pleading and without admitting such to be the fact) the said negligence is by law imputable to said Rose Marie Redwing and to plaintiff herein, and bars plaintiff's recovery herein." We think this is an immaterial allegation. If it were not so, no person could become a guest passenger of another in his car, when the two were driving in pursuit of a common desire to view scenic beauty—a sunset at sea or some picturesque sylvan or mountain locality. When a man and a woman drive together, unless one accompanies the other upon a business errand of interest only to that other, or perhaps to both—and this exception is excluded by the form of the allegation in the answer—they proceed upon "a common or joint pleasure enterprise", to adopt the language of that pleading. If the language of the answer could be given any effect whatever it must be taken as an allegation that respondent's wife was not a guest passenger with appellant and was therefore under the common law entitled to an award of damages from him resulting from his ordinary negligence. But the pleading is not susceptible of such a construction, for it does not allege that respondent's wife paid to appellant any compensation for her ride, either directly or indirectly, and that is the determining factor in solving the question whether a passenger in a vehicle is a guest of the driver. Moreover, the cause was tried, on the

part of the court and of counsel on both sides, upon the theory that Rose Marie Redwing was a guest passenger. Under all the circumstances shown by the pleadings, if appellant asked her to drive with him and she consented, or if she asked him to take her for a drive and he consented, from the moment she was assisted into his car and he "stepped on the gas" she was under the protection of the common-law right to recover damages for his negligence in operating the car, as limited by the statute concerning guest passengers. We know of no authority upon this plain question and have searched for none. If there be a second trial of the cause the trial court will receive no evidence under this affirmative allegation of the answer.

Appellant contends, under various headings and upon numerous specifications, that the evidence was insufficient to support the verdict of the jury. As the cause may be tried again, and as upon a retrial different evidence may be introduced, we shall not determine the points thus suggested.

Several errors were committed by the trial court, some of which were inconsequential. We shall consider only those which we think, without the others, show the necessity for a reversal of the judgment or which pertain to questions that may arise upon a new trial.

After the accident out of which respondent's cause of action arises had occurred, appellant accompanied Rose Marie to a hospital. A physician in charge of the institution testified to a conversation with appellant at the time of his arrival there. The witness said, during his recital, that he asked appellant his name and that appellant gave a name which was not Moncravie, although the witness could not remember what the name was. A motion to strike out this portion of the conversation was denied. When appellant was on the witness-stand he was asked if, at the hospital, he gave a name other than Moncravie, and, over objection, he answered that he did. Each of the rulings referred to in this paragraph was error.

It is contended that the trial court erred in giving the following instruction to the jury: "You are instructed that it is the duty of an operator of an automobile to operate the same at such a rate of speed and in such manner as will enable him to stop it or check its speed in the event

it is necessary to do so.'' The last nine words of the instruction either render the whole meaningless or they make the instruction apply to the case of any emergency that might arise in the life of a motorist. The instruction is so general as to bear no relation whatever to the problems which were to have been solved by the jury. We think it was not particularly harmful, but it should not be given again.

The court instructed the jury: ''You are instructed that the husband is entitled to the services of his wife. If he loses those services or any part of them through the negligence of another, and the wife is not guilty of contributory negligence, then to the extent of his loss in money he is entitled to be compensated in money. And if you find that she is still suffering from an injury received in this accident, and is reasonably certain to continue to suffer in the future, then, to the extent that he is damaged through the loss of her services, he is entitled to recover for loss in the future.'' The giving of this instruction was error. There was nothing in the complaint which shows the semblance of a cause of action for damages for the loss of service of the wife. Respondent sued for the loss of service of a motion picture actress.

The court gave another instruction on the same subject. It is set forth in appellant's brief immediately following the instruction last above quoted, and its insertion here would serve no useful purpose. This instruction was also erroneous.

The court further instructed the jury as follows: ''You are instructed that if you find that the plaintiff is entitled to recover in this action, the amount of the recovery is for you to determine from all the facts in this case. You cannot, of course, measure in dollars and cents the exact amount he is entitled to, but it is for you to say, in the exercise of sound discretion, from all the facts in this case, after considering and weighing all the facts in this case, what amount of money will reasonably compensate him for the damage and injury he has suffered, not exceeding the sum of one hundred sixty thousand dollars ($160,000.00), as alleged in plaintiff's complaint. If you find for the plaintiff in this case, under the instructions given by the court, and that the plaintiff sustained damages as set forth

in his complaint, to enable the jury to estimate the amount of damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make an estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life. If you find for the plaintiff in this case then, in assessing plaintiff's damages, you have a right to take into consideration the nature, extent and character of the injury and loss sustained by plaintiff, as shown by the evidence, and assess his damages at such sum as in your judgment will compensate him for the loss or damage, if any he has suffered.'' A thread of error runs entirely through this instruction, and we shall partially trace it. As already observed, plaintiff could not have recovered, under his complaint, the sum of $160,000, but no more than $10,000. The statement that ''it is not necessary that any witness should have expressed an opinion as to the amount of such damage, but the jury may themselves make an estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life'' might be proper in an action by a husband to recover solely for the loss of service of his wife, but it had no place in this action. The damages sought by respondent were consequential or special, and were susceptible of proof in dollars and cents. The cause required such proof. The ''knowledge, observation and experience'' of the jurors, in the connection in which they were referred to in the instruction, could have been of no avail in this action.

Appellant complains that several instructions requested by him were refused. We think they were either covered by instructions given or that the points presented by them are not likely to arise upon a new trial.

Judgment reversed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.