[L. A. No. 14287.   In Bank.—April 9, 1934.]

HELEN KEMP, Respondent, v. H. L. LYNCH, Appellant.

Will H. Light for Appellant.

Davis & Thorne for Respondent.

PRESTON, J.—Action by plaintiff, Helen Kemp, to quiet her title to certain land located in Los Angeles County. Defendant answered alleging that he had an interest in said property by virtue of a sheriff's certificate of sale issued to him pursuant to execution and sale regularly made by said sheriff upon a judgment for costs rendered in defendant's favor in a will contest entitled: *In re the Estate of Ma Rheinschild, etc., Deceased,* No. 124346; further alleging that plaintiff "was a party to said contest proceedings", which were regularly had and judgment rendered therein about July 25, 1932. Defendant also filed a cross-complaint praying for a decree quieting his title to said property.

Upon issues so joined the cause went to trial. Plaintiff showed that in 1920 she had inherited the land in dispute, which was vacant property and, other than that she had subjected it to an oil lease, she had from said year been in continuous possession thereof and had paid all taxes upon it. Defendant offered in evidence his sheriff's certificate, and counsel stipulated that there had been a levy upon the property under the execution issued upon said judgment for costs in defendant's favor in the probate proceeding. Objection was thereupon interposed to receipt of the certificate in evidence because it showed that the said judgment was against one Patricia Rheinschild by her guardian *ad litem* (this plaintiff) but said judgment was not against this plaintiff and could not bind her or affect property owned by her. Counsel for defendant admitted that plaintiff was not named as a party to the probate proceedings, save as guardian for the minor contestant, although she was personally present at all hearings therein. The court thereupon sustained the objection to introduction of said certificate in evidence and thereafter made findings and gave judgment for plaintiff as prayed, quieting her title to said property. Defendant appealed.

■ The cause has now been submitted to us upon motion of plaintiff to dismiss said appeal or to affirm the judgment. We have no hesitancy in pursuing the latter course. There is nothing whatsoever in the record to substantiate the statement of facts set forth in appellant's brief, upon which he bases his several contentions to the effect that this plaintiff and one Walter Rheinschild were the real parties in interest in said probate proceeding and made the minor child their agent to contest the probate of the will of the decedent; that in rendering judgment for costs in said matter for this appellant, the court gave judgment, not against the minor alone, but binding also the real parties in interest, one of whom was this plaintiff; that in the instant cause the court erred in not receiving in evidence said sheriff's certificate and in not permitting appellant to prove his contention that although the probate contest was on record in the name of the minor, this plaintiff and said Rheinschild instigated it, carried it forward and were the real parties in interest.

■ In October, 1933, appellant made an application to this court, in the form of an affidavit, for permission to introduce additional evidence, under section 956a of the Code of Civil Procedure, in support of the above assertions, which application was continued to be disposed of upon consideration of the cause on its merits. It will have to be denied. No proof is offered which was not available to appellant upon the hearing of this proceeding. Furthermore, appellant could not prevail here upon evidence affecting the relationship of the parties to said probate proceeding and attempting to impeach the judgment rendered therein because in this cause, and under the issues here joined, he bases his entire claim to relief upon the certificate of sale regularly issued to him pursuant to the judgment rendered in his favor in said probate proceeding. Admittedly, in said probate contest, appellant did not secure a decree against this plaintiff, even though he may have been entitled to it. So far as the record before us is concerned it shows that appellant offered in evidence only said sheriff's certificate of sale, which showed on its face that this plaintiff was not a party to said probate contest.

The application to introduce additional evidence is denied. The judgment is affirmed.

Langdon, J., Curtis, J., Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.