[Civ. No. 5120.   Third Appellate District.—August 29, 1934.]

MRS. L. P. MARTIN, Respondent, v. A. P. COSTA, Appellant.

Edward Bickmore and Thomas F. Lopez for Appellant.

H. K. Landram and F. A. Silveira for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment of $500 which was rendered against him for personal injuries inflicted upon the plaintiff in an affray.

It is contended the findings and judgment are not supported by the evidence; that the defendant used no more force in the affray than was required in necessary self-defense, and that because the plaintiff's husband was the aggressor in the affray she is barred from a recovery of judgment, the proceeds of which are community property, in which the husband may not participate on account of his wrong.

There is a serious conflict of evidence. It is difficult to determine the facts of the case, since all of the witnesses who actively engaged in the affray are Portuguese who understand and speak the English language very imperfectly. No interpreter was employed at the trial.

The plaintiff and her husband live on a farm near Gustine. They are engaged in the dairy business. Joe Almeida was temporarily living with them and was working for his board and lodging. It appears that Almeida had purchased from the defendant a pair of automobile tires which he had not paid for. At 6 o'clock P. M. on April 1, 1933, the defendant appeared at the home of plaintiff and asked for Almeida, who was then helping Mr. Martin milk the cows. Almeida met him in the front yard and a controversy ensued which resulted in a conflict. During the affray Mr. Martin was called by his children. He told Costa to leave the premises; that he did not want any disturbance

at his home. Costa replied that he would go, but that he would return again that night and that he either wanted Almeida to pay for the tires, or he would take them away. At 8 o'clock that evening, the defendant, accompanied by his brother, who went by the name of Alfonse Bastos, and his nephew, Louis Costa, returned in an automobile to the home of the plaintiff. Bastos went to the door and demanded an interview with Almeida. Mr. Martin went out to the machine which was stationed near the kitchen window. The defendant and his son were not in the machine, but were standing near by. Bastos said to Mr. Martin that he was told of the fight which occurred there at 6 o'clock between Costa and Almeida, and added, ''You take a part for Joe Almeida, I want to take a part for my brother.'' Mr. Martin told him that he did not see the fight which had occurred previously and that he did not want any trouble there at his home; that Almeida had gone away with a truck. Bastos replied that ''if he was home he would get it now''. Martin insisted he did not want any disturbance there on his premises. He testified, ''I sent him away, he won't go.'' Mrs. Martin testified in that regard: ''He (Martin) said several times for him to go away, he didn't want any bother, any trouble, and he (Costa) just walked three or four steps toward the car . . . and came back and swear.'' Vulgar and opprobrious language was used towards Martin. The evidence does not specifically show that Costa approached Martin in a threatening manner, but the circumstances warrant the inference that he did come back threatening him with bodily harm. From his language and his attitude it may be reasonably inferred that he did threaten to attack Martin. The fact that the three men came together after they had been warned not to return, and that Bastos assumed the part of an aggressor and told Martin he had come there to take the part of his brother, warranted him in believing he was to be assaulted. Mrs. Martin testified: ''My husband struck him (Bastos) by the car with the hand, . . . (the other) two come . . . running back there, and they jumped on my husband, all three of them on him, and Mr. Costa socking my husband on the back like hammer and nails and just grab him there.'' Mrs. Martin then jumped out of the window and ran to her husband's assistance. She seized the bib of Costa's overalls to prevent him from assaulting her husband. She testified

in that regard: "I was trying to hold him there and pretty soon he strike me on my left breast and I fell on my back and he fell on top of me, . . . and he got up and he just choked me as hard as he could." Mr. Martin corroborates the attack of Costa in the following language: "Q. Did Mr. Costa strike you? A. Yes, he strike me in the head. Q. Struck you in the head? A. Yes. Q. What, if anything, did his son do? A. His son was pulling me off (of Bastos). Q. His son was pulling you? A. Pulling my legs." It also appears that after Mrs. Martin arrived on the scene Costa cursed her and repeatedly inferred that she had been intimate with Joe Almeida. The affray soon terminated without further casualty, and the defendant and his associates left.

Mrs. Martin claimed that she had been injured in the chest and on her breasts, arms and throat as a result of the conflict, that she was unable to breathe without pain and difficulty, and that she could not perform her household duties for several days, but that her sister-in-law came to prepare the meals for them during that interval. Two days later she visited a physician, who testified that he made an examination of her throat, neck and arms and found black and blue marks on her throat and left arm. He did not examine the breast, but said she complained of tenderness over the bladder and chest. He found black and blue marks on both thighs. He examined the breast later and found no bruises.

The suit for damages for personal injuries sustained by the plaintiff was subsequently brought in her name alone. No damages for medical care or loss of services were asked or proved. A demurrer on the ground that the complaint fails to state facts sufficient to constitute a cause of action was overruled. The defendant answered the complaint, denying all the material allegations thereof, and affirmatively alleging that the affray was brought on by the acts and conduct of plaintiff's husband and that she was barred from recovering damages because the proceeds of the judgment constitute community funds from which the husband may not profit since he was the aggressor in the affray.

The cause was tried by the court sitting without a jury. Findings were adopted favorable to the plaintiff on all the material issues. Judgment for $500 was rendered in favor

498

of the plaintiff. From that judgment the defendant has appealed.

■ The complaint in the present suit states a good cause of action for personal injuries sustained by the plaintiff. Consequential damages were not alleged or sought. It was therefore not necessary for the husband of plaintiff to have joined in the action. (Code Civ. Proc., sec. 370.) The demurrer was not filed on the ground of misjoinder of parties plaintiff. ■ It is true that a husband and wife may be properly joined in a suit for personal injuries sustained by the wife, and that where consequential damages are sought in behalf of the husband for loss of services of the wife or for medical expenses or other costs incurred by him on account of her injuries, both spouses may be joined without separately stating the cause resulting in such consequential damages. (Code Civ. Proc., sec. 427; *Meek* v. *Pacific Electric Ry. Co.*, 175 Cal. 53 [164 Pac. 1117].)

■ It is also true that when the injuries which are sustained by a wife were caused by the negligent or wilful acts of her husband they may not recover damages for the reason that the compensation therefor, under the laws of California, is deemed to be community property in which the husband shares and over which he has control. (*Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514 [111 Pac. 530, Ann. Cas. 1912A, 642]; *Giorgetti* v. *Wollaston*, 83 Cal. App. 358 [257 Pac. 109].) It follows that if the husband of plaintiff in this action was the aggressor in the affray and that his conduct caused or substantially contributed to the injuries which she sustained, the plaintiff will be barred from recovery not only because her husband would thereby participate in the compensation which is deemed to be community funds, but also because her injuries would then be attributable in part to his fault.

■ We are of the opinion the findings and judgment are adequately supported by the evidence. While it may be true that L. P. Martin actually struck the first blow in the final affray in which the plaintiff was injured, that fact does not necessarily mean that he was the aggressor or the cause of the conflict. The trial judge was in a much better position to determine from the conduct of the witnesses on the stand and from a construction of their testimony who was to blame for the assault. The defendant and his com-

panions were trespassers on the property of Martin. Costa had been previously told to remain away from the home of plaintiff. He threatened to return and wilfully did so in company with his brother and son. He cursed and insulted the plaintiff. He was again warned by Martin to go away and to make no disturbance at his home. He went towards his automobile, but returned to Martin, cursing him. Martin was entitled to use any necessary force to eject him from the premises as a trespasser and to prevent a disturbance thereon. We are not prepared to say that the trial judge was not warranted in assuming from the evidence adduced that Martin was not the aggressor, and that he might reasonably have assumed the defendant was returning to attack him at the time he struck the first blow. Under such circumstances the mere striking of the first blow does not constitute one the aggressor. These were questions for the determination of the trial judge. ■ The intervention of the plaintiff in the affray did not make her the aggressor. She had a lawful right to go to the aid of her husband, whom she says was being attacked by the defendant and his two companions. She did not strike the defendant. She merely seized him by the bib of his overalls and tried to prevent him from attacking her husband. This conduct on her part would not justify him in striking or choking her. ■ The amount of the judgment is not excessive.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.