[L. A. No. 15043.   In Bank.—October 3, 1935.]

H. L. LYNCH, Appellant, v. HELEN KEMP, Respondent.

H. L. Lynch, *in pro. per.*, for Appellant.

Davis & Thorne and Ernest W. Pitney for Respondent.

WASTE, C. J.—This is an appeal by plaintiff from a judgment on defendant's cross-complaint, .quieting defendant's title to certain real property and awarding damages to defendant for slander of title.

Plaintiff, as the sole legatee of Mary Rheinschild, deceased, offered the will of said decedent for probate.   The petition for probate named defendant and certain others as the next of

kin of the decedent. Thereafter, the defendant, as guardian *ad litem* of her niece, filed a contest on behalf of her ward. The contest named defendant and others as heirs of decedent. In due time the contest was voluntarily dismissed and judgment for costs awarded to the plaintiff here by the probate court. Upon nonpayment of the costs, plaintiff levied upon two parcels of real property owned by the defendant and situate in different cities. Plaintiff thereafter bid in said parcels at the execution sale and received the sheriff's certificate therefor. Defendant subsequently brought an action against plaintiff to quiet title to one of these parcels. Defendant's title was quieted to said parcel on the theory that defendant had not been the contestant, but only the guardian *ad litem* of the contestant, in the probate proceeding, and that defendant was not therefore personally bound by the judgment for costs therein awarded and her property not subject to execution upon such judgment. This court affirmed the judgment quieting defendant's title to said parcel of real property. (*Kemp* v. *Lynch*, 220 Cal. 505 [31 Pac. (2d) 375].) While that action was pending, the plaintiff (defendant in the other action) brought the present action to quiet his title to the other parcel covered by the sheriff's certificate issued to him. Defendant, as the original owner thereof, answered and cross-complained, praying for damages for alleged slander of her title to both parcels. At the commencement of the trial it appeared from plaintiff's own testimony that before the execution of the sheriff's deed thereto he had assigned the sheriff's certificate covering the parcel not involved in the prior action. It was thus immediately apparent that plaintiff as to said parcel was not in a position to procure the relief sought in his complaint, which complaint was stricken from the files, and the cause proceeded to trial upon the defendant's cross-complaint for damages for slander of title. At the conclusion of the trial judgment was entered quieting defendant's title to the second parcel and awarding her compensatory damages in the sum of five hundred dollars and exemplary damages in the sum of two hundred and fifty dollars. The trial court determined, in substance, and in conformity with the prior decision involving one of the parcels, that defendant not being personally liable on the costs' judgment entered in the contest, her property was not subject to execution thereon. From the judgment awarding damages

for slander of title and quieting defendant's title to this second parcel, plaintiff prosecutes this appeal.

A motion made by defendant to dismiss or affirm for lack of merit in the appeal has been submitted with the cause on the merits. The motion must be granted. While appellant in his opening brief purports to state fifteen propositions or points, the appeal presents but two major contentions, neither of which has merit.

Appellant urges that while defendant was not expressly named in the contest as one of the contestants, she was named therein as one of the heirs of the decedent and was therefore a party in interest who would have benefited equally with the contestant had the contest been successful. This being so, it is contended that she should be held to be equally liable with the contestant on the judgment for costs. With this as a premise, appellant concludes that it was proper to execute on defendant's property in satisfaction of such judgment and that he therefore obtained good title to such property at the execution sale. The point obviously lacks merit. If appellant's reasoning be adopted it would necessarily follow that whenever one of several heirs contested a will the other heirs, though not contestants and though willing to abide by the terms of the will, would nevertheless be answerable for costs should the contest be unsuccessful. Moreover, the prior decision of this court, *supra*, though involving a different parcel of property, had the effect of determining this point adversely to appellant because there, as here, defendant's title was quieted on the theory that her property should never have been subjected to execution for the costs of the contest.

Appellant's second principal point is that defendant has improperly split an alleged single cause of action. In other words, it is contended that defendant, by seeking in the prior action to quiet her title to only one of the parcels improperly executed upon and sold, forfeited her right to quiet title to the other parcel improperly executed upon and sold and her right to damages. With this contention we cannot agree. (*Blodgett* v. *Trumbull,* 83 Cal. App. 566 [257 Pac. 199].) These causes of action could well have been joined under the provisions of section 427 of the Code of Civil Procedure but such a course was not mandatory.

Other points urged by appellant as to the insufficiency of the evidence to support certain findings are without merit.. His contentions that the court erred in striking out his complaint, in refusing to permit an amendment thereof, in ruling on the inadmissibility of certain evidence, and in refusing a continuance, are also devoid of merit.

The motion is granted and the judgment is affirmed.

Shenk, J., Langdon, J., Seawell, J., and Thompson, J., concurred.