[L. A. No. 17538. In Bank.—March 7, 1941.]

HAZEL SANDERSON, Appellant, v. CHARLES NIE-
MANN, Jr., Respondent.

Jack R. Kates and Kenneth C. Miller for Appellant

Mills, Hunter, Dunn & Liljestrom and H. J. Hunter for Respondent.

THE COURT.—This is an appeal from a judgment which was rendered in favor of the defendant Charles Niemann, Jr., individually, and doing business as Hillside Motor Company, in an action which was brought by the plaintiff, Mrs. Hazel Sanderson, to recover damages for injuries to her person. The damages were allegedly sustained as the result of an accident in which were involved an automobile owned as community property by plaintiff and her husband, Job Sanderson, and one owned by defendant, which automobile, at the time of the accident, was being operated by one William Frost. Plaintiff Hazel Sanderson was riding in the automobile which her husband was driving at the time when the collision occurred.

Subsequent to the happening of the accident and prior to the institution of the present action, Job and Hazel Sanderson filed an action in the small claims court of the City of Los Angeles against the defendant herein, Charles Niemann, Jr., for the recovery of a judgment for damages to their automobile, as well as for money which had been expended by the plaintiff husband for medical services rendered to the wife as a result of the injuries received by her in the said accident. The plaintiffs in that action were awarded a judgment in the sum of $12.58.

The complaint which was filed in the present action embraced two causes of action,—in the first of which was set forth a claim for damages for personal injuries, and in the second, in addition to the incorporation by reference of the allegations of the first cause of action, was set forth the claim that the judgment obtained in the small claims court was *res judicata* of the question of defendant's negligence and liability in connection with the accident. The court overruled a general demurrer to the complaint, but granted a motion to strike the second cause of action. Defendant's answer set forth the following as affirmative defenses: (1) contributory negligence of plaintiff, which was asserted to be imputable to her by reason of the fact that her husband was the operator of the Sanderson automobile at the time of the

collision; (2) that the plaintiff, Hazel Sanderson, had split and divided her claim for personal injuries and therefore was estopped from maintaining the present action; and (3) that the former judgment was *res judicata* of all claims which plaintiff might have had as a result of the accident.

At the trial of the instant action, the record of the proceedings which were had in the small claims court was introduced in evidence, and in that connection testimony was given by plaintiff and by the judge who presided at the hearing of the former action. At the close of that testimony, defendant objected to the introduction of further evidence on the part of plaintiff. The trial court sustained that objection,—whereupon plaintiff made an offer of proof with respect to the circumstances surrounding the happening of the accident, the extent of her injuries, etc., which offer was refused by the court. Thereafter, judgment was rendered in favor of defendant on the ground that the former judgment was a bar to the instant action, and that by virtue of the proceedings had in the small claims court plaintiff had ''split'' her cause of action against defendant and was estopped from prosecuting the present action. From the latter judgment plaintiff has instituted this appeal.

Perhaps it should first be made clear that appellant and her husband did not incorporate in the pleadings which they filed in the former action the issue of damages for appellant's personal injuries. No relief in that respect was prayed for, nor was any evidence received by the court in that connection, except in the following respect: During the proceedings had in the former action the judge made certain inquiries of Mrs. Sanderson with regard to the nature of the medical treatment which assertedly was received by her because of her alleged injuries. According to the testimony that was given by the judge, he had asked those questions for the reason that the statement of indebtedness for medical treatment which the plaintiffs had offered in evidence did not disclose the extent of the medical services that were rendered to appellant Hazel Sanderson as a result of the injuries—as distinguished from medical treatments which, it appeared, she had received in connection with a physical ailment which was not related to the said injuries. The statements which Mrs. Sanderson thereupon made to the judge with regard to the nature of her injuries, and the treatment thereof, were solely

in response to his inquiries. The record shows that her answers were not intended to have the effect of injecting into the issues the question of general damages in connection with those injuries; and the judge's testimony was to the effect that such statements were not so understood by him.

Both parties to the appeal concede that the identical question here presented has not heretofore been brought before the appellate courts of this state for consideration. The question is: Did the plaintiff wife—by joining her husband in an action for the recovery, in part, of "consequential" damages, i. e., *financial loss* resulting to the community, which were sustained from, and were solely incident to, the personal injuries which she suffered,—preclude herself from bringing a subsequent action in her own name for the recovery of general damages which were allegedly sustained by her strictly as a result of, and attributable solely to, the said personal injuries?

Respondent's argument is to the effect that—in view of the provisions of section 370, Code of Civil Procedure,—since appellant joined her husband in the former action in which was tendered the issue of consequential damages for indebtedness incurred as the result of her injuries, she was compelled to litigate therein, if at all, *any* claim which she might have had for injuries to her person; and that her failure to do so, and the presentation by her of that issue in this action amounted to such a "splitting" of a cause of action that, by reason thereof, she should be effectively estopped from recovering in the present proceeding. Respondent contends that the basis of the claim presented in the small claims court was the negligence of defendant and, therefore, that the latter was entitled to have presented therein *all* claims which resulted from, or which in any way depended upon, his alleged negligence.

In this state it is well settled that the law has conferred upon a married woman a separate right to bring an action in her own name for damages for injuries to her person (section 370, Code Civ. Proc.), and that she is a necessary party to that action (*Redwing* v. *Moncravie*, 131 Cal. App. 569 [21 Pac. (2d) 986]), although her husband *may* join her therein. Such a right of action establishes an exception to the rule that the husband has control of the community property and that he must bring all actions which concern

it. But appellant directs attention to the fact that two separate and distinct causes of action are involved in this proceeding,—namely, appellant's present action which was brought in her own name for injuries to her person, and the former action which was filed in the small claims court, to which her husband alone was a necessary party, wherein it was sought to collect damages sustained to the community-owned automobile, and consequential or incidental damages due to financial loss which resulted to the community by virtue of the wife's injuries. The wife was not a necessary party to the former action. However, no objection was made to her joinder therein as a party plaintiff and consequently none may now be made in that regard. (See *Webb* v. *Tischauser,* 89 Cal. App. 267, 272 [264 Pac. 526], and cases there cited.) Moreover, in the said former action respondent was not deprived of any substantial right by virtue of the joinder of the wife, since the husband was a necessary and proper party plaintiff therein, and the cause of action for which the wife is now seeking to recover damages for injuries to her person was not tendered as an issue. (*Asevado* v. *Orr,* 100 Cal. 293, 300 [34 Pac. 777] ; *Daly* v. *Ruddell,* 137 Cal. 671, 674 [70 Pac. 784].) Therefore, unless it can be said that the provisions of section 370, Code of Civil Procedure, authorize the bringing of an action by the *wife* to recover for incidental or consequential damages which may have been sustained by reason of financial loss to the community,—which right of action has heretofore been generally recognized as existing in the *husband*—there has been no "splitting" of a cause of action, and respondent's contentions may not be upheld. As amended in 1921, section 370, Code of Civil Procedure, provides as follows:

"A married woman . . . may sue without her husband being joined as a party in all actions, including those *for injury to her person,* libel, slander, false imprisonment, or malicious prosecution, or for the recovery of her earnings, or concerning her right or claim to the homestead property." (Emphasis added.)

 However, under the provisions of section 174, Civil Code, a husband owes to his wife the duty of support. He must provide her with reasonable medical care and attention, for the payment of which services he is primarily responsible (*Medical Finance Assn.* v. *Allum,* 22 Cal. App. (2d) 747

[66 Pac. (2d) 761]; *Davis* v. *Fyfe,* 107 Cal. App. 281 [290 Pac. 468]). And in determining the scope and meaning of the provisions of section 370, Code of Civil Procedure, as sought to be applied herein, they must be considered in the light of other provisions of the law, including those sections of the Civil Code wherein are defined the property rights and interests of husband and wife. Although under the provisions of section 161a, Civil Code, the husband and wife have an equal interest in the community property during the continuance of the marriage relation, they do not possess equal power of management, control or disposition thereof (*Frost* v. *Mighetto,* 22 Cal. App. (2d) 612 [71 Pac. (2d) 932]). The husband has the management and control of the community property. (*Myers* v. *Tranquility Irr. Dist.,* 26 Cal. App. (2d) 385, 388 [79 Pac. (2d) 419]; sections 172, 172a, Civil Code.) And, based on the foregoing considerations, the rule which has long been recognized in this state is that (except where express statutory exceptions have been made in favor of the wife with respect to her right to bring an action in connection with the community property) the husband must bring all actions that concern the community property. (*Johnson* v. *National Surety Co.,* 118 Cal. App. 227 [5 Pac. (2d) 39]; 3 Cal. Jur. Supp., p. 612, and cases there cited.) When read in the light of the Civil Code sections hereinbefore referred to, there is nothing in the language of section 370 of the Code of Civil Procedure which would imply that in enacting the provisions of that section the legislature intended to divest the husband of the primary right (which theretofore had been recognized as existing in the husband) to bring an action for the recovery of damages due to financial loss which had resulted to the community through the wrongful act of another,—and, in lieu thereof, to vest that right in the wife, merely because the damages thus sought to be recovered may have been sustained as a result of injuries which were personal to the wife. In that regard, in one portion of his argument to this court, respondent concedes that "a wrongful act which causes an injury to the wife may involve two distinct wrongs, one to the wife for personal injury and another to the husband for consequential damages." ▆ Consequential damages which may be recovered for expenses incurred by either husband or wife in the treatment of his or her injuries—in the absence of an

allegation that the separate property of either was obligated for the payment of such expenses—are presumably community property. (*Scoville* v. *Keglor*, 27 Cal. App. (2d) 17, 29 [80 Pac. (2d) 162] ; *Martin* v. *Costa*, 140 Cal. App. 494, 498 [35 Pac. (2d) 362].) Although a few decisions have been rendered in this state wherein, in an action instituted by a married woman, in her own name, for the recovery of general damages for injuries to her person, it was held that she might also recover consequential damages,—the weight of authority in this state is to the effect that the right of action for the recovery of consequential damages which may result from financial loss suffered by the community resides in the husband by virtue of his right of control of the community property. Thus, in the case of *Redwing* v. *Moncravie*, 131 Cal. App. 569, 572 [21 Pac. (2d) 986], after stating that it was well settled that damages for personal injuries sustained by a married woman were not recoverable unless she was a party plaintiff in an action brought therefor, the court said : ''He [the husband], as the sole plaintiff, could sue only for consequential or special damages *suffered by him* as the proximate result of the injuries to her.'' Also, in the case entitled *Martin* v. *Costa*, 140 Cal. App. 494, 498 [35 Pac. (2d) 362], wherein it appeared that a married woman had brought an action for damages for personal injuries, the following was said : ''The complaint in the present suit states a good cause of action for personal injuries sustained by the plaintiff [wife]. Consequential damages were not alleged or sought. It was therefore not necessary for the husband of plaintiff to have joined in the action (Code Civ. Proc., sec. 370).'' In each of the two last-mentioned decisions it is expressly recognized that the right exists in the husband to bring an action for consequential damages which may have resulted to the community by reason of personal injuries suffered by the wife; and both of those cases were decided subsequently to the enactment of section 370, Code of Civil Procedure. Also, in the case entitled *Johnson* v. *National Surety Co.*, 118 Cal. App. 227, 230 [5 Pac. (2d) 39], in referring to the provisions of section 370, Code of Civil Procedure, in effect the court said that the section confers on a married woman no right to sue alone on an obligation where the right of action is given to the husband.

Moreover, appellant directs attention to the fact that section 427, Code of Civil Procedure, which pertains to the subject of joinder of causes of action, contemplates the existence of a separate right of action in the husband for the recovery of consequential damages sustained by reason of personal injuries to the wife. That section provides, in part, as follows:

" . . . in any action brought by the husband and wife, to recover damages caused by any injury to the wife, all consequential damages *suffered or sustained by the husband alone,* including loss of the services of his said wife, moneys expended and indebtedness incurred by reason of such injury to his said wife, *may be* alleged and recovered without separately stating such cause of action arising out of such consequential damages suffered or sustained by the husband." (Emphasis added.)

The quoted language imports a recognition of two separate rights or causes of action for damages which may arise out of injuries to the wife, which have been sustained through the wrongful act of another; the one which exists in the wife for damages "caused by . . . injury to the *wife*", and the other in the husband, for the recovery of consequential damages suffered or "sustained by the husband *alone*", which may include "indebtedness incurred by reason of such injury to his said wife". The joinder in one action of both of those causes is authorized by the provisions of that section. (*Thomas* v. *Smith,* 2 Cal. App. (2d) 701 [38 Pac. (2d) 827]; *Orrick* v. *Hoeptner,* 110 Cal. App. 360 [294 Pac. 29]; *Martin* v. *Costa,* 140 Cal. App. 494 [35 Pac. (2d) 362].) But the language is *permissive* and not mandatory. (*Martin* v. *Costa,* 140 Cal. App. 494 [35 Pac. (2d) 362]; *Lynch* v. *Kemp,* 4 Cal. (2d) 440 [49 Pac. (2d) 817]; *Realty etc. Mtg. Co.* v. *Superior Court,* 165 Cal. 543 [132 Pac. 1048].)

In consideration of the foregoing, it follows that the action which was brought in the small claims court was essentially one by the husband for the recovery of damages which had been sustained by the community interests; that although the wife joined in that action she was not a necessary party thereto; and that since the cause of action on which she now seeks recovery was not involved as an issue therein, no "splitting" of a cause or causes of action has resulted.

The case of *Kidd* v. *Hillman,* 14 Cal. App. (2d) 507 [58 Pac. (2d) 662], which is cited and relied on by respondent, presents a factual situation that is distinguishable from the one here concerned. In that case the plaintiff brought two separate actions against the defendant therein,—in each of which she sought to recover for damages to personal property, where the respective damages were sustained as the result of one tort.

Respondent also makes the contention—for the first time on this appeal—that appellant may not recover in the instant action for the reason that, in pursuance of the provisions of section 402, Vehicle Code, in order to impose liability against respondent as the owner of the automobile which was alleged to have been negligently driven by another, it was necessary that William Frost (who at the time of the accident was driving respondent's automobile) be made a party defendant in these proceedings. It appears that William Frost was not made a party to the former action; and that although in the present action he was joined as a party defendant, during the proceedings had in the superior court, appellant dismissed the action as against him. However, the ruling which was made in the case of *Holland* v. *Kodimer,* 11 Cal. (2d) 40 [77 Pac. (2d) 843], does not support respondent's contention in that regard (see, also, cases cited therein).

Moreover, appellant contends that William Frost was not a necessary party to the instant action, in that in both the former and the present action liability was not predicated on the provisions of section 402, Vehicle Code, but was sought to be imposed against respondent on the theory of *respondeat superior.* Appellant cites the cases entitled *Shippy* v. *Peninsula Rapid Transit Co.,* 97 Cal. App. 367 [275 Pac. 515], and *Daniel* v. *Jones,* 140 Cal. App. 145 [35 Pac. Pac. 198], in support of her contention that where, as in this type of action, liability against a defendant is predicated on an employer-employee relationship, the joinder of the employee as a party defendant is not necessary. Furthermore, it is alleged in the complaint, and appellant offered to prove (which offer was erroneously rejected), that William Frost was the employee of respondent at the time the accident occurred, and that as such employee he was then driv-

ing the automobile of respondent during the course and in the scope of his employment.

■ Appellant further contends that, in any event, the issues of negligence and contributory negligence were conclusively determined in the former action in the small claims court and therefore may not be raised in the present action. We cannot accept that contention. As is pointed out in the leading case of *Todhunter* v. *Smith,* 219 Cal. 690 [28 Pac. (2d) 916], the doctrine of *res judicata* has a dual aspect. The authorities indicate that although a judgment of any court whether of high or low jurisdiction, and of record or not, constitutes a complete bar against a second suit on the *same* cause of action,—in a second suit upon a *different* cause of action it constitutes but an estoppel or conclusive determination of such issues only as were actually raised and litigated. Inasmuch as the present litigation is based upon a *different* cause of action from that involved in the prior small claims suit, though tracing its origin to the same transaction, we are here solely concerned with the latter aspect of the doctrine of *res judicata.* It therefore is our problem to determine whether the judgment of a small claims court is *res judicata* on the issues of negligence and contributory negligence in a subsequent action in a higher court on a different cause of action. Our determination will be facilitated by a consideration of the nature of a small claims court.

■ It is apparent that such a court was established in order to offer a means of obtaining speedy settlement of claims of small amounts. The theory behind its organization is that only by escaping from the complexity and delay of the normal course of litigation could anything be gained in a legal proceeding which may involve a small sum. Consequently, the small claims court functions informally and expeditiously. The chief characteristics of its proceedings are that there are no attorneys, no pleadings and no legal rules of evidence; there are no juries, and no formal findings are made on the issues presented. At the hearings the presentation of evidence may be sharply curtailed, and the proceedings are often terminated in a short space of time. The awards—although made in accordance with substantive law—are often based on the application of common sense; and the spirit of compromise and conciliation attends the proceedings. (See, generally, *Leuschen* v. *Small Claims Court,* 191 Cal. 133,

137 [215 Pac. 391]; *Superior Wheeler C. Corporation* v. *Superior Court*, 203 Cal. 384, 387 [264 Pac. 488]; 34 Columbia Law Review 932; 9 St. Johns Law Review 247.)

An examination of the significant portions of the California statute creating a small claims court serves to emphasize its peculiarly informal character. The action is commenced by an affidavit which states a claim for money due from the defendant, with no indication of the nature of the claim (Code Civ. Proc., sec. 117b). The claim must be prosecuted and defended by the parties themselves without the aid of attorneys (Code Civ. Proc., sec. 117g). No formal pleading, other than the claim and notice, is necessary, and the hearing and disposition of all such actions is informal, "with the sole object of dispensing speedy justice between the parties" (Code Civ. Proc., sec. 117h). The judge or justice may also informally make any investigation of the controversy between the parties "either in or out of court and give judgment and make such orders as to time of payment or otherwise as may, by him, be deemed to be right and just" (Code Civ. Proc., sec. 117g). The judgment is conclusive upon the plaintiff; only the defendant may appeal (Code Civ. Proc., sec. 117j).

The foregoing characteristics are of the utmost significance in disclosing sound theoretical grounds for refusing to apply the second aspect of the doctrine of *res judicata* to judgments of small claims courts. And we may reasonably assume that in an action arising out of an automobile collision, such as the case here involved, the technical aspects of proximate cause, contributory negligence, imputed negligence and the doctrine of last clear chance, of necessity have not been fully presented or considered. Nor would it seem probable that in proceedings had in a small claims court recognized rules of evidence could or would be observed. As was said in 1 Wigmore on Evidence (3d ed. 1940), section 4d, page 106: "In small cases generally . . . it would be a defiance of common sense and a nullification of the main purpose, to enforce the jury-trial rules of evidence; for the parties are expected to appear personally without professional counsel, and they cannot be expected to observe rules which they do not know."

There are a number of cases which illustrate the application of the doctrine to inferior courts such as justices' and municipal tribunals, where such courts, though with lesser

jurisdiction, nevertheless function as courts of law with some form of pleadings, and in accordance with legal rules of evidence and the right of representation by counsel. In such cases issues can be framed and decided and therefore may be given conclusive effect in a subsequent suit based on a different cause of action. But a small claims court is not a typical inferior court, and no case has been called to our attention wherein a judgment of a tribunal which operates in the entirely informal manner of a small claims court, as hereinbefore indicated, has been considered to come within the second aspect of the doctrine of *res judicata*.

The policy which underlies the institution of a small claims court has been recognized in the legislation which created the small claims court for the City of New York. Therein it was provided that a judgment rendered by the small claims court may be pleaded as *res judicata* only as to the amount involved in the particular action, and that it should not otherwise be deemed to be an adjudication of any fact at issue or found therein in any other action or court (see 34 Columbia Law Review, pp. 932, 942, note 76). It is apparent that such a statutory provision was intended to prevent collateral findings made in such an informal proceeding from being conclusive in subsequent suits based on different causes of action.

For the reasons heretofore discussed on this point, it is our conclusion that the prior judgment which was rendered in the small claims court upon a different cause of action cannot be said to be determinative of the issues of negligence and contributory negligence here involved.

From the foregoing it follows that the judgment should be, and it hereby is, reversed.

Houser, J., took no part in the decision of this case.