NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHERINE MEISLIN; NED MEISLIN, | No. 09-56225 |
| Plaintiffs - Appellants, | D.C. No. 2:06-cv-06692-GW-FFM |
| v. | |
| CITY OF HAWTHORNE; STEVEN PORT, Chief; PETER GOETZ, Officer; CHRIS HOFFMAN, Officer; KNAUSE, Officer; ARIAS, Officer, individually and as peace officers; COUNTY OF LOS ANGELES; KUMARI GOSSAI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: BYBEE and M. SMITH, Circuit Judges, and DAWSON, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

Plaintiff-Appellant Kathleen Meislin ("Meislin") appeals the district court's grant of summary judgment to Defendant-Appellee Kumari Gossai ("Gossai") on her false arrest and malicious prosecution claims under 42 U.S.C. § 1983. We reverse as to the false arrest claim and affirm as to the malicious prosecution claim.

Although Gossai was not a peace officer and did not have power to make arrests, as a county employee, she may still be liable for a Fourth Amendment violation under § 1983 if she "acted with the intent to assist the government in its investigatory or administrative purposes, and not for an independent purpose." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001) (citation and internal quotation marks omitted). Reading the record in the light most favorable to Meislin, it appears Gossai did not call the Hawthorne Police for an independent purpose, but for the purpose of seeking assistance with her official duties as a housing inspector.

To prevail on the merits of her false arrest claim, Meislin "must demonstrate that there was no probable cause to arrest [her]." *Norse v. City of Santa Cruz* 629 F.3d 966, 978 (9th Cir. 2010) (en banc) (citation and internal alterations omitted). Meislin therefore must show that Gossai lacked probable cause to believe that Meislin had battered her. The California Penal Code defines battery as "any willful and unlawful use of force or violence upon the person of another."

2

Cal. Penal Code § 242. The question is whether Meislin's admission that she touched Gossai lightly across the back and shoulders as she attempted to escort Gossai out of the building amounts to an admission that she used "unlawful force." To be unlawful, the force used "need not be violent or severe, . . . need not cause bodily harm or even pain, and . . . need not leave any mark." *People v. Rocha*,479 P.2d 372, 377 n.12 (1971) (citation omitted). Nonetheless, some level of "force" is required for there to be a battery, and the question of whether Meislin's light touching of Gossai rose to the level of "unlawful force" is a fact-intensive inquiry that must be resolved by a jury. Further, whether the level of force used was "unlawful" may also depend on whether Gossai properly identified herself as a housing inspector, or whether Meislin had cause to believe that Gossai was a trespasser, thereby giving Meislin the privilege of using any force necessary to protect her property. *See* Cal. Civ. Code § 50 ("Any necessary force may be used to protect from wrongful injury the person or property of oneself . . . ."); *Martin v. Costa*, 35 P.2d 362, 364 (Cal. Ct. App. 1934) ("[Defendant] was entitled to use any necessary force to eject [plaintiff] from the premises as a trespasser . . . ."). The issue of whether Gossai properly identified herself is an issue of fact for a jury to resolve. We therefore reverse the grant of summary judgment as to the false arrest claim so that this claim may proceed to trial.

3

"[T]o prevail [on a malicious prosecution claim, a plaintiff] must show that the defendant[] prosecuted her with malice and without probable cause, and that [she] did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). Although Gossai might have lacked probable cause to believe that Meislin had battered her, nothing indicates that Gossai acted with the purpose of depriving Meislin of a "specific constitutional right." Meislin argues that Gossai intentionally deprived her of her right to "a fair trial unpolluted by Gossai's false testimony," but she fails to cite any provision of the Constitution that forms the basis of such a right. We therefore affirm the district court's grant of summary judgment as to the malicious prosecution claim.

Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.